ROBINSON v. THE PHŒNIX INSURANCE COMPANY.

1. **Contract:** ALTERATION: INSURANCE POLICY. A policy of insurance constituting a contract of insurance with the assured, will not be avoided by an alteration, though a material one, of a contract between the company and *another party*, indorsed on the same policy.

2. —— IMMATERIAL ALTERATION: INTENT. An immaterial alteration is not made material simply by the intent to give thereby a different effect to the instrument, if such intent is not in fact effectuated by the alteration.

*Appeal from Des Moines District Court.*

THURSDAY, JULY 23.

ACTION upon a marine insurance policy. The contracting terms of the policy were as follows : " The Phœnix Fire Insurance Company, of Brooklyn, New York, by this policy do cause to be insured, lost or not lost, Joseph M. Robinson, of Burlington, Iowa, in such sums on property at risk, as shall be specified by application, and mutually agreed upon and indorsed hereon. Beginning the adventure upon said property from and after the lading thereof, and to continue until landed at the port of destination." Then follows the conditions, limitations,

restrictions, and manner of the proof of loss, etc. Upon the back of the policy were the following indorsements :

| Date of shipment. | For account of — | Vessel. | From — |
|---|---|---|---|
| November 5, 1865...... | J. M. Robinson .............. | Flat boat Monitor........... | Davenport. |
| November 5, 1865...... | .................................... | do　Burlington ..... | do |
| November 5, 1865...... | ................................. | do　Crocket .......... | do |
| November 5, 1865...... | R. L. Catlin ...................... | do　Crocket No. 2. | do |
| November 5, 1865...... | .................................... | Barge Valley Rock......... | do |

| To — | Amount insured. | Rate. | Premium. | Property insured. |
|---|---|---|---|---|
| Vicksburg......................... | $1,020 | 1.25 | 12.75 | Boat, $300; potat's & onions, $720. |
| do　....... ................. | 750 | 1.25 | 9.38 | do　$250;　do　do　$500. |
| do　........................ | 950 | 1.25 | 11.87 | do　$300;　do　do　$650. |
| do　........................ | 900 | 1.25 | 11.25 | do　$300;　do　do　$600. |
| do　........................ | 800 | 1.25 | 10.00 | Potatoes, $800. |
|  |  |  | 55.25 |  |

A copy of the policy was annexed to the petition as an exhibit, and there were marks of erasure across the name of R. L. Catlin, as above indicated. The petition averred the execution of the policy, the loss, proof thereof, etc.

The answer admitted the execution of the policy and the indorsements as originally made thereon, and pleaded in bar the said erasure or alteration, and also a deviation from and termination of the voyage, before any loss.

On the trial, after the plaintiff had introduced the policy, proved loss, etc., and rested, the defendant called its agent who issued the policy, and proved that the name of R. L. Catlin was indorsed on the policy, and was not erased when issued. The defendant then called J. M. Robinson, plaintiff, who testified that he made the alteration. That when at St. Louis he had had a great deal of trouble and expense in hunting up the agent of defendant; and had been up to Burlington and back before he met the agent of defendant; and that he was fearful that when the agent saw that R. L. Catlin owned one of the

boats and its cargo, he, the agent, would require the said Catlin to be sent for before he would adjust that loss, and so he struck out the said name — R. L. Catlin. That he was the agent of said Catlin, and authorized to adjust said Catlin's loss and receive the insurance as well as his (Robinson's) own. And that after he (Robinson) came back to Burlington, he informed Catlin that he had struck out the said name, and Catlin said it was all right.

Whereupon, among other instructions on the merits, the plaintiff asked the court to give the following, viz.:

"If the jury find, from the evidence, that the plaintiff made the erasure of the name of Catlin on the policy in evidence, simply to enable him to obtain the insurance of Catlin, for whom he was acting as agent, and because he feared that unless he did make the alteration the insurance agent would require Catlin to be sent for, and thus cause long delay, and did not make the alteration to enable plaintiff to procure the insurance money on his own boats and cargoes, then it is not a material alteration."

Which was refused. To which refusal plaintiff then and there excepted. Thereupon, at the request of the defendant, the court gave the following instruction, viz.: "That, if the jury find, from the evidence, that plaintiff altered the policy in question by striking out the name of R. L. Catlin, as alleged in defendant's answer, after the delivery of said policy to him, and without authority of the defendant, and with intent to obtain a different effect for it than it unaltered would have had, or to gain an advantage thereby, then the policy was thereby rendered void as to defendant, and plaintiff cannot recover."

To the giving of which the plaintiff then and there excepted. And thereupon the court, upon its own motion, gave the following instruction, viz.: "If the jury believe, from the evidence, that plaintiff altered the policy in

Robinson v. Phœnix Ins. Co.

question by striking out the name of R. L. Catlin, after the delivery of said policy to him, and without authority of defendant, with intent to claim for himself the whole amount of the losses sustained, or with intent to claim the right to settle with the defendant, or his agents, for the entire .losses sustained by all the boats and their cargoes mentioned on the policy, then such act by plaintiff will be considered a material alteration of the policy, and will render the policy, as between plaintiff and defendant, void, and plaintiff cannot recover. To the giving of which the plaintiff then and there excepted. Whereupon plaintiff conceded, that, under these rulings of the court, the defendant was entitled to a verdict."

There was no controversy on the trial but that the cargo of the barge Valley Rock belonged to J. M. Robinson, plaintiff, and was insured for his account, and no claim was made by plaintiff to recover for the Crocket No. 2. He sues only for the others. The jury returned a verdict for defendant. A motion for a new trial being overruled, the plaintiff excepted, and now appeals.

*J. C. & B. J. Hall* and *H. Strong* for the appellant. (No brief found on reporter's file.)

*D. Rorer* for the appellee.

"Whatever is written on any part of the sheet containing the policy is a part of it." Parson's Mercantile Law, 406; *Murdock* v. *Ins. Co.*, 2 Comst. 210; *De Haven* v. *Hartly*, 1 Term Rep. 343; *Dennis* v. *Ludlow*, 2 Caines, 3.

Therefore, when the plaintiff struck out the name of Catlin, which was on the policy as owner of two of the boats — Crocket No. 2 and barge Valley Rock — he altered the contract. This, done by one interested in the residue of the policy, voided the whole, as to him, when

done under the circumstances put to the jury to decide in the charge of the court. 2 Parsons on Contracts, 223 ; 1 Phil. on Ins. 12 ; Parsons on Mercantile Law, 406 ; *Dennis* v. *Ludlow*, 2 Caines ; *Murdock* v. *Ins. Co.*, 2 Comst. 210 ; *Master* v. *Miller*, 4 Term Rep. 220 ; *French* v. *Patton*, 9 East, 351 ; *Hill* v. *Patton*, 8 id.´ 374. In the case last cited, the alteration was of a policy of insur-ance. The court held the original policy void for reason of the alteration. The altered one void, though by consent, for want of a stamp, for it made a new contract. If it be urged that this was under the statutes of 35 Geo. 3d, the answer is, that, therefore, the case is stronger against plaintiff. That statute provides for alterations in policies, under certain circumstances. Ours does not. The altera-tion, were it otherwise permissible, avoids the policy under the stamp laws. " It has become a new and different instrument, and therefore requires a new stamp." Byles on Bills, marg. 255 ; *Bowman* v. *Nichol*, 5 Term Rep. 537. Nor can it now be stamped, for it has been used.

Had the plaintiff left the jury to decide the case, they must have found the *scienter* before they could find for defendant ; that is, that the alteration was not only made, but was made " without authority of defendant, with intent to claim for himself the whole amount of the losses sustained." But, by conceding our right to a verdict on this charge, the intent was admitted. Plaintiff cannot go behind this.

COLE, J. — The only errors assigned are as to the refus-ing and the giving of the instructions as shown in the 1. CONTRACT: preceeding statement of the case. It must be alteration : in-surance policy. borne in mind, that the alteration complained of was not of the policy while it was in force as such, for the purpose, or whereby the liability of the insurers was increased or varied ; but that the alteration was made

after the loss had occurred, and after the rights and liabilities of the respective parties were definitely fixed.

Whether an alteration is material or not is a question of law for the court; and since the facts set forth in the instruction asked by plaintiff, if found by the jury, would show the alteration to be both immaterial and made without fraud, that instruction should have been given. Indeed, we go further, and hold that the policy of insurance and indorsements thereon, so far as they relate to plaintiff's property, constitute a contract of insurance with him, which would not be avoided by even a material alteration of any contract with another, indorsed thereon.

The instruction asked by defendant and given, was, in the view already expressed, erroneous. If there was only an alteration of the contract of insurance with Catlin, conceding there was such a contract, it would not affect the contract with the plaintiff; and, again, if the alteration was immaterial, the intent with which it was made would not make it material so as to avoid the contract, — that is to say, an immaterial alteration is not made material simply by the intent; and if the intent to give a different effect to the instrument was not and could not be effectuated by the act done, the intent simply would not avoid it.

2. —— immaterial alteration: intent.

But the instruction given by the court, on its own motion, extends into a broader field, and embodies a correct principle of law. If the plaintiff, by the alteration in striking out the name, thereby made the policy and all its indorsements his own, and did so with intent to claim for himself the whole amount of the losses sustained, then it would be a material alteration, and would avoid the instrument, because thereby there would be an attempt to enlarge and alter his own contract, and not simply an alteration of the Catlin contract.

If the jury find there was an alteration of the contract

with Catlin only, that will not avoid the contract with plaintiff, though it was done by him and was material. Nor would an immaterial alteration of the contract with plaintiff avoid it. But if there was such an alteration of the contract with Catlin, as to affect and enlarge the contract with the plaintiff, and certainly if there was an intent so to do, such alteration would avoid it. And if the jury believe the testimony of plaintiff, as contained in the bill of exceptions and set forth in the statement preceding this opinion, to be the whole truth in relation to it, they should find the alteration immaterial, and that it did not avoid the contract with plaintiff.

Reversed.

DILLON, Ch. J., dissenting, on the ground, that, in his opinion, the alteration was material, and the true rule of law was stated in the instructions of the court below to the jury.