<hr/>

## MARSH v. GRIFFIN ET AL.

1. **Promissory Notes:** ALTERATION: SURETY. Where a note was signed by principal and surety, and the former, without the knowledge or consent of the latter, added thereto before delivery, upon the demand of the payee, the condition that the interest should be payable annually, it was *held* that the alteration was a material one which would discharge the surety from liability upon the note.

2. ———: ———: ———. Even if the alteration had been made after delivery and acceptance by the payee, no liability would have attached to the surety.

*Appeal from Allamakee District Court.*

WEDNESDAY, MARCH 22.

ACTION on two promissory notes, for $121.66 each, made by J. M. Griffin and John A. Townsend, dated September 12, 1870, one payable January 1, 1872, and the other January 1, 1873, with interest at ten per cent payable annually, and payable to S. C. Marsh. A jury was waived and there·was trial by the court. The following conclusions of fact and law were found:

"1. The notes in suit were given for personal property bought of plaintiff by defendant, Griffin.

"2. That, by the terms of the contract between Griffin and Marsh, the interest was to be paid annually.

"3. That Townsend had no notice of such agreement when he signed the notes, and was not a party to said agreement.

"4. That Townsend signed as surety for Griffin, and delivered the notes to Griffin to deliver to Marsh, and the words 'payable annually' were added to the notes after Townsend signed them, and in his absence, and without his authority or consent.

"5. That Griffin did not have authority from Townsend to make the alteration after Townsend signed the notes.

"6. Plaintiff refused to accept the notes until the alteration was made, and it was made in plaintiff's presence and with his consent.

"7. There was no fraudulent or corrupt intent on part of plaintiff, and he supposed because Griffin said, 'I can put it in and it will be all right,' that it was legal, and from such declaration of Griffin supposed that he was authorized in law so to do.

"8. Plaintiff brought suit on the notes as altered and recovered judgment against Griffin at last term for the full amount, no part of which has been paid; and I find as a conclusion of law that plaintiff cannot recover of Townsend."

Plaintiff excepted and appeals, and assigns for error that the court erred in ruling under the finding of facts, as a conclusion of .law, that the plaintiff was not entitled to recover of Townsend.

*John T. Clark & Co.*, for appellant.

The alteration of a writing without any fraudulent intent has been treated as a merely accidental spoliation. (*Henful v. Bromley*, 6 East., 309; *Cutts v. United States*, 1 Gall., 69; *U. S. v. Spaulding*, 2 Mason, 478; *Rees v. Oberbaugh*, 6 Cow., 746; *Lewis v. Payne*, 8 Id., 71; *Jackson v. Malin*, 15 Johns., 297.) An innocent person should not be made to suffer the losses occasioned by the mistake, accident or wrongful acts of third persons. (*Murray v. Graham*, 29 Iowa, 520.)

*Hatch & Frese* and *C. S. Stilwell*, for appellee.

An alteration by accident, mistake or the act of a stranger, after a party's right upon a note is complete, will not prevent his

recovering upon it. (Notes to 1 Smith's Lead. Cases, p. 815.) A material alteration in commercial paper destroys the non-consenting party's liability, although the alteration was made before the paper came into the payee's hands and was unknown to him. (2 Pars. on Con., p. 878.) An alteration after the signing of the note and delivery to another joint maker, discharges the first. ( *Wood v. Steele*, 6 Wall., 80.)

ROTHROCK, J.—Plaintiff claims that Townsend's defense is merely technical, and that he should be held to the amount of the notes as they were when he signed them. That the alteration is material admits of no question. What, then, are the rights of the parties? Townsend was merely a surety. He signed the notes and delivered them to Griffin to deliver to Marsh, and in Townsend's absence, and without his authority or consent, the alterations were made. Marsh. refused to receive the notes without such alteration, and Griffin said "I can put it in and it will be all right." Marsh supposed it was legal and that Griffin was authorized in law so to do. Under this state of facts we have no hesitation in holding that there never was any liability against Townsend on these notes. There was no delivery as to him. Delivery is more than the mere manual act of passing over the instrument. It requires the assent of the mind as well.

It is not material to inquire what Townsend would have done in case he had been requested to make the notes with interest payable annually. We may suppose that he would have assented thereto. But he did not; the notes were refused without this, the alteration was made, and it is not a question whether he was discharged from liability, for his liability never attached.

This case is distinguished from *Murray v. Graham*, 29 Iowa, 520. In that case the alteration was made after delivery and after liability attached, and this court, under the peculiar circumstances of the case, held that as the holder was not responsible for the alteration the note was not rendered void, under the well settled rule that a material alteration made in a valid and binding instrument by accident, mistake, or the act of a

stranger, will not destroy or invalidate the instrument.     In some cases it is held that, notwithstanding the alteration, the holder can recover for the original consideration for the note. In this case no consideration moved from Marsh to Townsend, for Townsend was a surety.

. We are clearly of the opinion that no liability attached as against Townsend, and that the alteration was such that even if made after delivery and accept- ance by Marsh, with his consent and at his instance, it would discharge Townsend from all liability, he being a surety. Parsons on Notes and Bills, vol. 2, p. 549;   *Wood v. Steele*, 6 Wallace, 80.

AFFIRMED.