JACKSON ET AL v. BOYLES ET AL.

1. **Continuance**: ABSENCE OF WITNESSES: INSUFFICIENT SHOWING. An application for a continuance on the ground of the absence of witnesses, which fails to state what facts the applicant expects to prove by such witnesses, is insufficient.

2. **Promissory Note**: PAYABLE ON CONDITION: ALTERATION OF TO DISCHARGE SURETY: WHAT IS NOT. Where a note was made payable upon the performance of certain conditions by the payees, and the principal maker subsequently indorsed upon the note the fact of the performance of the conditions, *held* not such a material alteration as would discharge the surety.

3. **Evidence**: PERFORMANCE OF CONTRACT: THE FACTS AND NOT THE CONCLUSION SHOULD BE STATED: ERROR WITHOUT PREJUDICE. Where a contract provided for the performance of a number of conditions, it was error to allow the contractor to testify to the conclusion that he had performed on his part; he should have been held to state the facts; but it was not reversible error, where the fact of performance was sufficiently shown by other competent testimony.

*Appeal from Wayne District Court.*

WEDNESDAY, OCTOBER 8.

THIS is a suit on a promissory note for $1,218.50, executed by the defendants, and payable November 1, 1882, on condition that plaintiffs, who are the payees named therein, shall perform a written agreement of even date therewith. It is alleged in the petition that the following words are endorsed on the margin of the note, and that such endorsement is signed by defendant, J. K. Boyles, viz: "Jackson, Lowe & Co. have complied with the conditions of the within note." It is also alleged that the note is now due.

Defendant Bowen answered, admitting that he signed said note, but alleging that he signed it as surety for Boyles, and that its terms and conditions were changed after its delivery, and without his consent, by the endorsement which is set out in the petition, which he claims has the effect to discharge him from liability on the note.

Defendant Boyles also admitted the execution of the note, but denied that the condition had been performed, and denied any liability thereon. He also set up a counter-claim for $1,600, growing out of the sale to him by plaintiffs of certain pumps, and the right to sell the same in certain territory, said pumps being covered by a patent.

A demurrer was sustained to the answer of defendant Bowen. The suit was brought in Appanoose county, but, on plaintiffs' motion, was changed to Wayne county. At the first term in Wayne county after the change, it was continued by agreement of the parties; at the next term it was continued, on motion of defendants, on the ground of the sickness of defendant Bowen. At the third term defendants filed a motion for a continuance on the ground of the absence from the state of defendant Bowen, and the sickness and absence of defendant Boyles. This motion was overruled, and there was judgment for plaintiff for the amount of the note. Defendants appeal.

*Geo. D. Porter* and *Freeland & Miles*, for appellants.

*McIntyre Bros.* and *W. H. Tedford*, for appellees.

REED, J.—I. Defendants assign as error the overruling of their motion for a continuance. The motion was based on the showing contained in the affidavits of defendant Boyles, his physician, and one of the attorneys for defendants. It is shown by Boyles' affidavit that Bowen was called to the state of Vermont, about two weeks before the term of court, by the sickness of a near relative, and that he had been detained

1. CONTINU-
ANCE: absence of witnesses: insufficient showing.

there, and prevented from attending the court by this cause, and that it was not practicable to take his deposition in time for that term of court. The affidavit of the physician shows that Boyles was sick and unable to attend at that term of court; and that of the attorney shows that the defendants are the only witnesses who are conversant with the facts set up in the answer. It was not shown, however, in any manner, that the presence of either of the defendants was necessary at the trial for any purpose, except to give his testimony as a witness. It was not claimed, in the affidavit of the attorney, that he was not sufficiently advised as to the facts of the case to enable him to present the defense. He swears, it is true, that he cannot go to trial in the absence of his clients, but the reason assigned by him for this is that they are his only witnesses, and that they alone are conversant with the facts. It was necessary, therefore, to set out the particular facts which it was expected would be proved by their testimony. Code, § 2750. This was not done. The allegation in Boyles' affidavit is that he expects to prove and sustain the allegations of his answer by the testimony of Bowen, while the attorney swears in his affidavit that he expects to prove the allegations of the answer by the testimony of defendants, and that he believes that both of the defendants will testify that the conditions referred to in the note have not been complied with, and that the contracts referred to in said note have not been performed, and, by reason thereof, the note is not yet due. These are not statements of "particular facts" as required by the statute. They are mere conclusions. On this ground we think the motion was properly overruled.

II. Defendant Bowen assigns the sustaining of the demurrer to his answer as error. To make the question determined by the ruling complained of apparent, we here set out a copy of the note, as follows:

2. PROMIS-
SORY note:
payable on
condition:
alteration of
to discharge
surety: what
is not.

"$1,218.50. On or before the first day of November, eighteen hundred and eighty-two, we, or either of us, promise to pay to Jackson, Lowe &

Co., or order, the sum of twelve hundred and eighteen and fifty hundredth dollars, with interest from the first day of November, 1881, at the rate of eight (8) per cent per annum, and conditioned upon the fulfillment of a written agreement of Jackson, Lowe & Co., of even date herewith. Value received. Payable at Centerville, Iowa. Sept. 20, 1881."

After the delivery of the note, and without the consent of defendant Bowen, as he alleges, the following memorandum was written on the margin of the instrument, and signed by Boyles:

"Jackson, Lowe & Co. have complied with the conditions of the within note. J. K. Boyles."

The claim is that this endorsement had the effect to change the conditions and terms of the contract in a material respect, and that he is thereby discharged from liability thereon.

The general proposition that any material change or alteration of a written contract after its delivery, without the consent of the maker, discharges him from liability thereon, is, of course, conceded. But we are of opinion that the district court correctly held that the endorsement in question did not have the effect to in any manner change the terms or conditions of the note. The note by its terms became due on the performance of a specified agreement by the payee. The endorsement does not undertake to change the condition, nor to release the payee from its performance. It is simply a written admission that they have performed it. The fact that it is endorsed on the paper on which the note is written is not material, for it is apparent from its terms that there was no intention to change any condition of the note; and it has no different effect from what it would have had if it had been embodied in a letter or other writing signed by Boyles. It is simply *prima facie* evidence that the condition precedent to the maturity of the note has happened.

III. On the trial, one of the plaintiffs was permitted to testify, against defendants' objection, that they (plaintiffs) had

**3. EVIDENCE:** complied with the terms of the written agree-
performance
of contract: ment referred to in the note. The objection to
the facts and
not the con- this testimony was that it was the statement of
clusion should
be stated: the mere opinion or conclusion of the witness.
error without
prejudice. The objection should have been sustained. The
contract referred to was in evidence, and it provides for the
performance by plaintiffs of a number of conditions and
undertakings, and whether they had performed the contract
or not depended on whether they had done the particular
things which, by its terms, they undertook to do. But we
are of opinion that defendants suffered no prejudice by the
admission of the testimony, for the evidence, aside from the
general statement in question, shows, without any doubt or
dispute, that plaintiffs had performed all of their undertak-
ings in the written contract referred to. Other questions are
discussed by counsel, but they are not regarded as material,
and we do not consider them. We have examined the record
carefully, and find no prejudicial error, and the judgment is
accordingly

AFFIRMED.