## HORTON v. THE ESTATE OF HORTON.

1. **Promissory Note**: MATERIAL ALTERATION: WHAT IS NOT: PLACE
   OF PAYMENT: INSTRUCTION.    For the administratrix of an estate, who
   is the payee and holder of a promissory note executed by the decedent,
   to write upon the back of the note, after her appointment as adminis-
   tratrix, "Payable at K.,"—no place of payment being named in the
   note,—*held* not to be a material alteration, since the payee would in any
   event pay herself, after the allowance of the note as a claim against the
   estate, by simply crediting herself with the amount in her account as
   administratrix; and in such case it was error to submit to the jury any
   question as to such alteration.

2. ———: ———: AMOUNT: ERRONEOUS INSTRUCTION.    Where, in an
   action on a promissory note, it was alleged that the amount of the note
   had been materially altered, but the amount was plainly written in the
   body of the note, and there was no alteration therein, and the only fact
   relied on as an alteration was that one of the figures expressing the
   amount at the upper left hand corner of the note was blotted, *held* that
   there was no ground for submitting to the jury any question as to such
   alleged alteration.

3. ———: ———: NAME OF PAYEE: EVIDENCE TO BE CONSIDERED:
   INSTRUCTION.    Where the defense to an action on a promissory note
   was that it had been materially altered, and the body of the note
   was in the handwriting of the plaintiff, and she testified that she

had never at any time made any alteration of the note, and there was evidence tending to show that the note had been blotted after it had passed out of the hands of plaintiff, *held* that it was error to instruct the jury to determine, from a mere inspection of the instrument, whether it had been materially altered or not, but that they should have been instructed to make such determination from a consideration of all the evidence.

4. ———: ———: EVIDENCE: INSTRUCTION. In such case, where plaintiff claimed, as well she might from the appearance of the paper, that no alterations had been made therein, unless a blot was an alteration, and that she did not make the blot, it was error to remind the jury that she had not introduced evidence that the maker of the note had consented to the alleged alterations, nor that they were innocently made, or made by a stranger.

### *Appeal from Van Buren Circuit Court.*

### WEDNESDAY, MARCH 16.

THIS is a proceeding to establish a claim against the estate of John Horton, deceased. The claim is in the form of a promissory note for $2,900. The plaintiff is the widow of the decedent, and was appointed administratrix of the estate. When this claim was presented, a special administrator was appointed to act in the premises. He approved the claim, and filed a report to that effect. J. M. Horton and J. O. Horton, sons and heirs at law of decedent, appeared and filed objections to the report and allowance of the claim. These objections were based upon three grounds: " (1) That the note was not executed by John Horton, deceased; (2) that it was without consideration; and (3) that the material alterations have been made in said note without consent of the payor, and that, by reason thereof, said note has become null and void, and the payor is released from any liability thereon." There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*Sloan, Work & Brown,* for appellant.

*H. C. Raney* and *Johnston & Topping,* for appellee.

ROTHROCK, J.—I. The evidence shows conclusively that the note was executed by John Horton, deceased. The court

VOL. LXXI—29

Horton v. The Estate of Horton.

so instructed the jury. There can be no question made as to the consideration for the note. It is plainly shown by the evidence. The case was tried upon the theory that the note was void on account of four material alterations made therein: (1) That the words "payable at Kilbourne," were written across the back of the note; (2) that the name of the original payee has been erased, and an endeavor made to cover it up with an ink-blot; (3) that the time of payment has been changed; (4) that the amount of the note has been changed and increased. Upon these questions the court instructed the jury as follows:

"(6) On the back of said note is a written statement as follows, to-wit: 'Payable at Kilbourne.' The heirs at law claim that this writing was placed on said note since the death of John Horton, and since said note first went into the hands of the special administrator, and said heirs also claim that said writing constitutes a material alteration of said note, and renders the same void. There is no presumption that said writing on the back of said note was placed there since the note was executed, but the burden of proof is on the heirs at law to establish by the weight of the evidence that the writing on the back of said note was placed there since the note was executed, and, if said heirs have failed to do so, then you should find for the plaintiff as to this point. The writing on the back of said note, even if placed there by plaintiff, if done for an innocent purpose, or as a mere memorandum, would not render the note void. But it is proper to remind the jury that there is no evidence that plaintiff placed said writing on the back of said note for an innocent purpose, or as a memorandum. Plaintiff denies ever having made said indorsement on said note since its execution, and the burden of proof is on the heirs to show, by the weight of the evidence, that plaintiff placed said indorsement on the back of said note since its execution. If said indorsement was made by a stranger, without the procurement of plaintiff, then it would not render the note void. But if said written indorse-

ment was placed on the back of said note by plaintiff, with the view to make it a part of said note, since the execution of said note, and without the knowledge of John Horton, then you would be justified in rejecting plaintiff's claim, and in that event should do so. But the burden of proof is on the heirs at law who are resisting this claim to establish by the weight of the evidence that said writing on the back of said note was placed there by plaintiff since the execution of said note, and if they have failed to do so, then you should find for the plaintiff as to this question. If the writing on the back of said note was placed there at the time it was executed, then, of course, said note would not thereby be rendered void.

"(7) The heirs at law who resist this claim also claim that the note in question has been altered in the following particulars: That the name of the original payee has been erased, and an endeavor made to cover it up with an ink-blot, and that the time of the payment of said note has been changed, and the amount of the note has been changed and increased; and said heirs claim that these alleged alterations in the note are apparent from an inspection of the note itself, and they ask the jury to inspect said note with the magnifying glass that has been used on the trial, for the purpose of ascertaining the truth as to this contention. The burden of proof is on the heirs to establish, by the weight of the evidence, that these alleged alterations, or some of them, have been made since said note was executed; and, if they have failed to do so, then you should find for plaintiff as to this contention. That is, unless it appears with reasonable certainty, from an inspection of said note, that it has been altered on its face, in some of the particulars claimed, since its execution; then, as to this question, you should find for plaintiff. But, if you find that the note in question has been altered since its execution by erasing the name of the original payee, or by changing the time of payment of said note, or by changing the amount of said note, then these would be material alterations, and would render the note void, because

plaintiff denies that any alterations have been made, and plaintiff does not claim, nor has she introduced any evidence to show, that John Horton consented to any alterations ( if any were made ) in the note since its execution, nor does plaintiff claim that the alleged alterations were innocently made or made by a stranger. But the court once more reminds the jury that the burden of proof is on the heirs at law to show, by the weight of the evidence, facts and circumstances, that the alleged alterations, or some of them, have been made since the note was executed. Of course, it makes no difference what erasures, alterations, or changes were made in said note before or at the time it was signed and delivered."

Counsel for the respective parties have argued at length the question whether the words indorsed on the note, if made since its execution by the holder of the note, and without the knowledge and consent of the maker, are a material alteration. If the body of the note had been altered by inserting these words therein, there is no doubt it would be a material alteration. It would change the place of payment, and be a contract not entered into by the maker. It is contended on behalf of the appellee that the words upon the back are part of the instrument the same as if written upon the face. Counsel for appellant claim that the indorsement should be considered a mere memorandum, not a part of the note.

1. PROMIS-SORY note: material alteration: what is not: place of payment: instruction.

These questions as to the material alterations of commercial paper are frequently attended with no little difficulty, arising from the fact that it rarely occurs that two alterations are exactly similar in words as well as in form. We think we have no occasion in this case to go into an examination of the very many authorities to be found in the books and cited by counsel, bearing upon this question. Whatever rule may be applicable to this indorsement, as an abstract proposition, we do not think that, under the facts of this case, the alleged alteration was material. It will be observed that the defendant claims that the alteration was made after the death of

John Horton, and the court states in the instructions to the jury that the defendant claims that the act in question was done after the note first went into the hands of the special administrator. If altered at all, it was therefore done after the plaintiff was appointed administratrix of the estate. The alteration did not, then, change the obligation of John Horton. It did not affect the integrity of his contract. The law imposed the duty on his administrator to pay his debts, and a special administrator was only necessary to adjudicate the claim. When that is done, if the claim be established against the estate, it is to be paid by the plaintiff crediting herself in her account as administratrix with the amount of the claim. It seems to us that it is apparent that the writing of an undertaking on the back of the note, (if this should be regarded as a part of the note,) obligating Mina Horton, administratrix of John Horton, to pay the note to Mina Horton at Kilbourne, is no material alteration. And this is the effect of the writing if made after the plaintiff was appointed administratrix. The sixth instruction was therefore erroneous. We think the question as to that alteration should not have been submitted to the jury. And we may further say that, if the alleged alteration was not made after the death of John Horton, there is no evidence that it was not on the paper when the note was written and signed.

II. We now come to the consideration of the other alleged alterations in the note. The original instrument has been certified to this court, and is as follows:

" $2,900. MARCH 21, 1877.

"(10 years) ten years after date I promise to pay to Mina Horton,——— value received, two thousand nine hundred dollars at ten per ct.; int. to draw int. if not paid. Value received annually. JOHN HORTON."

We have thought it necessary to set out a copy of the note, in view of the seventh paragraph of the charge given by the court to the jury. It is there recited that it is claimed that the alleged alterations are apparent from an inspection of

the note.    It is impossible to describe the appearance of the
original instrument.    It was written upon a printed blank.
The greater part of the paper is stained, the stain being of
a yellowish color.    The evidence shows, and this fact is
undisputed, that it became stained by reason of having been
in a pocket-book in plaintiff's pocket during a rain, in which
her clothing and the contents of her pocket were thoroughly
saturated with water.    It is claimed by the plaintiff that the
water caused the heavy lines of ink on the paper to spread,
which makes some of the words appear to have been written
with a heavier hand.    This may be correct, but we do not
attach any importance to this fact.    It cannot be claimed
that the appearance of the note indicates that any alteration
has been made in the words which appear to have heavier
lines than the others.    Indeed, there is no ground for the
conclusion that the note has been altered in the
amount.    The words, "Two thousand nine hun-
dred dollars," are plainly written; they are not
effaced; no other words have been erased to make place for
them; and they appear the same as other parts of the paper
not claimed to have been altered.    It is true that one of the
figures in the sum written in the left hand upper corner of
the note appears to be blotted over.    Whether this is a blot,
or the mere spreading of the ink, it is difficult to determine.
But it is immaterial, so long as the body of the note plainly
expresses the amount in writing.    It was, therefore, errone-
ous to submit this alleged alteration to the consideration of
the jury.    We think the same may said of the alleged altera-
tion in the time of payment.

   In regard to the alteration as to the name of the payee, it
appears from an inspection of the note that immediately
after the name "Mina Horton," in the second
line, there is a large blot covering that line
nearly to the end of the paper, and extending
above so as to cover some of the words in the
upper line.    This blot does not obscure the words in the

upper line so that they cannot be read without the aid of a magnifying glass. The blot is most dense at the place where we have left blank in the copy, but, notwithstanding this fact, the word "value" is plainly to be seen without a glass. Whether any other word was ever written therein, cannot be determined. The words "Mina Horton," which appear to be the name of the payee, are plainly written, and do not have the appearance of having been written since the note was executed.

It was upon this appearance of the note, which of necessity we have imperfectly explained, that the court, in the seventh paragraph of the instructions, charged the jury to determine from a mere inspection of the instrument whether it had been materially altered. This, we think, was erroneous. We do not say that under the issues it was not proper to submit the note to the jury for inspection as an item of evidence upon the question of alteration; but to allow them to determine that question upon an inspection of the note alone was clearly erroneous, in view of the fact that the body of the instrument was in the handwriting of the plaintiff, and she testified that she never at any time made any alteration in the note. There was evidence in the case which tended to show that the note was blotted after it passed out of the hands of the plaintiff, and the jury should have been plainly instructed that they should determine the question of alteration from all the evidence. It was also error to remind the jury that the plaintiff had not introduced evidence that John Horton, the maker of the note, consented to the alterations, and that she did not claim that the alleged alterations were innocently made or made by a stranger.

4. ——: ——: Of course, plaintiff made no such claim. She evidence: instruction. could well claim that no alleged alterations were made unless the defacing of the paper by the large blot was an alteration, and as to that, she claimed that it was not done by her. The jury should not have been allowed to consider the question whether she sought to introduce evidence that

the maker of the note consented to the alterations, or that the alterations were innocently made or made by a stranger.

For the errors in the instructions above set out, the judgment will be

REVERSED.