T. H. GORDON, Appellee, v. O. A. ANDERSON *et al.*, Appellants.

Negotiable Paper: CERTAINTY OF PAYEE. A promissory note payable to a person named therein, "*et al.* or order," is not negotiable either at common law, or under section 2085 of the Code.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

TUESDAY, JUNE 2, 1891.

THE plaintiff, as assignee for value and before maturity of two promissory notes executed by defendants, payable "to Charles R. Whitesell *et al.* or order," asks judgment thereon, and the foreclosure of a mortgage given by the defendants to secure the same. The defendants answered that the notes and mortgage were executed for part of the purchase price of certain real estate sold to them by Charles R., Emily, J. L. and Phebe J. Whitesell, and for which Charles R., J. L. and Phebe J. executed to the defendants a warranty deed warranting the title to said property. The answer alleges a breach of the covenants of warranty, and damages in the sum of five hundred dollars, which the defendants ask as an offset against the notes. The plaintiff demurred to the answer on the ground that the damages set up were claims against the payee of the notes, and no defense against the notes, in his hands, he being a purchaser before maturity, and without notice; and that the answer sets up no defense to said notes, as against the plaintiff, he being an innocent holder for value before maturity. The demurrer was sustained, and the defendants electing to stand upon their answer, and refusing to plead over, a decree was entered for the plaintiff, from which the defendants, appeal.—*Reversed.*

*H. Scott* and *Howell & Son,* for appellants.

*Craig, McCrary & Craig,* for appellee.

GIVEN, J.—I.   The discussion is addressed entirely to the question whether the promissory notes sued

upon are negotiable. It will be observed that they are promises "to pay to Charles R. Whitesell *et al.* or order." The discussion is as to the construction to be given to the words "*et al.*," and the effect thereof. The words as here used evidently mean "and others." Therefore, the notes are payable to Charles R. Whitesell and others or order, without designating whom the others are. To learn what qualities are essential to a negotiable promissory note, says Mr. Parsons in his work on notes and bills, page 30, "we must bear in mind the purpose of the note, and of the law in relation to it. This is simply that the note may represent money, and do all the work of money in business transactions. For this purpose the first requisite—that thing which includes all the rest—is certainty." Certainty, says the author, as to the person who shall receive the money, the person or persons who are to make the payment; the amount to be paid, and the time when payment is to be made. In Story on Promissory Notes, section 35, it is said: "In instruments designed for circulation, it is of the highest importance to know to whom its obligations apply, and from whom a title can securely be derived." In *Smith v. Marland*, 59 Iowa, 645, 649, it is said: "The qualities essential to a negotiable promissory note are that it shall possess certainty as to the payor, the payee, the amount, the time of payment and the place of payment." Such is the rule uniformly laid down in all the authorities, and it does not require further citations. This case must not be confounded with notes payable in the alternative, as "to A or B;" it is a promise to pay to Charles R. Whitesell and others jointly. Neither must it be confounded with notes payable to bearer, without naming any payee, nor with the cases in which it has been held that whoever legally owns such a note may recover thereon. These notes being promises to pay Charles R. Whitesell and others jointly, Whitesell could not

alone transfer them so as to convey the interest of the other payees any more than if they had been named in the notes. A note made to several persons not partners can only be transferred by the joint action of all of them (*Ryhiner v. Feickert*, 92 Ill. 305); "and neither payee can, of course, indorse the names of the others without special authority." Randolph on Commercial Paper, sec. 155.

The appellee contends that these notes are in accord with the provision of section 2085 of the Code. Turning to section 2082, we see that notes in writing, signed by the person promising "to pay to another person or his order or bearer, or to bearer only, any sum of money, are negotiable by indorsement or delivery." It will be observed that the promise must be to another person or his order or bearer, and does not dispense with the certainty of which we have been speaking as to whom that other person is. Section 2085 is as follows: "Instruments by which the maker promises to pay a sum of money in property or labor, or to pay or deliver property or labor, or acknowledges property or labor or money to be due to another, are negotiable instruments, with all the incidents of negotiability, whenever it is manifest from their terms that such was the intent of the maker; but the use of the technical words 'order' or bearer' alone will not manifest such intent." Here, again, the promise must be to another, and there is nothing in the section to modify the rule requiring certainty as to whom that other is. It is true, as contended, that negotiable instruments may be transferred by indorsement or delivery; but that does not aid us in determining whether these particular instruments are negotiable. It is said that Charles R. Whitesell is the only payee named. That is true, but the notes show that he is not the only person to whom payment is to be made. If it be true, as alleged in the answer, that the other persons named,

together with Charles R., are in fact payees of the notes, then, surely, Charles R. is not the only payee, and could not alone transfer them. Authorities are cited in support of the claim that, if any words are used which indicate that the maker intended that the notes should be negotiable, the law will give effect to that intention, as against him. It is a sufficient answer to say that, in view of the law which requires certainty in negotiable instruments as to whom the payee is, the fact that it is left uncertain rather indicates an intention that the instruments should not be negotiable.

The appellee relies upon *Moore v. Anderson*, 8 Ind. 18. That note was payable to steamboat Juda and owners, and the court held that the word "owners," as it occurred in the note, sufficiently indicated a person, within the intent of the law. It is a familiar rule that, when a person is designated as payee, and a question arises as to who of several persons bearing the same designation was meant, evidence is admissible to show which is the payee. Parsons on Mercantile Law, 88. Under this rule it was admissible to show who was the owner of the steamboat, and, hence, the designation was sufficient. In *Grant v. Vaughan*, 3 Burrows, 1516, it is held that a note payable "to ship Fortune or bearer is negotiable, under the rule that, if the name of payee be not the name of a person, as if it be the name of a ship, the instrument is payable to bearer." See, also, Parsons on Mercantile Law, 89. In each of these cases a person was designated as payee,—in the one as the owner of the steamboat Juda; and in the other as bearer. These notes are payable to Charles R. Whitesell and others or order. The others are not designated by name or otherwise, and, therefore, it is uncertain "as to the persons who shall receive the money," uncertain "to whom its obligations apply, and from whom a title can securely be derived."

We think the district court erred in sustaining the demurrer to the answer. REVERSED.