M. F. SAWYER, Administratrix, v. A. L. CAMPBELL *et al.*,. Appellants.

**Bills and Notes:** DELIVERY. One to whom a note, left with two of the makers for immediate delivery, upon condition that a judgment against those makers with interest and costs should be paid forthwith and satisfied of record and the other maker be released from all liability thereon, was subsequently delivered without having the judgment including costs paid in full, is not charged with knowledge of the conditions and is not affected by them where the agent who acted for her throughout the transaction had no knowledge of such conditions.

SURETIES. A provision in a note for an extension on request of the "makers" includes sureties, where they signed as makers, though the payee knew they were sureties only.

EXTENSION: *Alteration.* A provision written across the face of a note "Upon the written request of all the makers of this note made on or before June 15, 1896, the payee agrees that the time of payment shall be extended six months from the maturity thereof, or note renewed for that time," is not such an alteration as will release the sureties who also signed the note, where such words were intended to include such sureties.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

SATURDAY, JANUARY 28, 1899.

ACTION at law to recover the amount due on a promissory note. A jury was impaneled, and evidence was submitted, but at the close of the evidence the court directed a verdict for the plaintiff, and judgment was rendered in her favor. Three of the five defendants appeal.—*Affirmed.*

*Kinne, Hume & Bradshaw* for appellants.

*Dudley, Coffin & Byers* for appellee.

ROBINSON, C. J.—The note in suit is dated January 1, 1896, and is for the sum of one thousand dollars, payable to

the plaintiff or order six months after its date, with interest. It was signed by the defendants O. J. Houston and D. B. Lyons, and by the defendants and appellants A. L. Campbell, F. A. Percival and Thomas Hatton. As originally drawn and signed, it was in form an ordinary negotiable promissory note, but before it was delivered there was written across its face the following: "Upon the written request of all the makers of this note, made on or before June 15, 1896, the payee agrees that the time of payment shall be extended six months from the maturity thereof or note renewed for that time." The petition alleges that a request for the renewal of the note was not made, and demands judgment for the amount of the note against all its signers. The appellants filed an answer, in which they alleged that Houston and Lyons "alone were the makers of and principals upon" the note, and that the appellants were sureties only, which fact was at all times known to the plaintiff, and that the note was given under circumstances and upon conditions as follows: In January, 1896, the plaintiff owned a judgment rendered in her favor against Houston and Lyons, and the appellants were sureties on a supersedeas bond filed in the cause in which the judgment had been rendered. The note in suit, after it had been signed by the defendants, was left with Houston and Lyons for immediate delivery upon condition that the judgment, with interest and costs, should be paid forthwith, and satisfied of record, and the appellants be released from all liability on account of it. The note was not immediately delivered, but was held until March 26, 1896, without the knowledge or consent of the appellants, and was then delivered to the plaintiff, without having the judgment, including costs, paid in full. The appellants further allege that the provision written across the face of the note was so written without their knowledge or consent, and effected a material alteration in the note, and that by reason of the matter pleaded they are released from liability on the note.

I.   The record shows that the note in suit was one of
three given in settlement of a judgment as alleged.   The con-
tract of settlement was written, and provided for the making
and delivery of the notes, and that the plaintiff should sat-
isfy the judgment, and that the judgment debtors should pay
the costs.   The contract did not make the satisfying of the
judgment and the paying of the costs conditions precedent to
the delivery of the notes.   There was delay, which resulted
from the inability of the judgment debtors to pay some of the
costs, and from a desire to obtain an extension of time.
Finally the plaintiff accepted the notes, and satisfied the
judgment excepting as to costs, a part of which, amounting
to one hundred and fifty-four dollars and twenty cents,
remained unpaid.   The appellants testify, in substance, that
the notes were not to be delivered unless the appellants were
released from all liability on the supersedeas bond; and that
the costs were to be paid, the judgment satisfied, and the
notes delivered forthwith.   The agent who acted for
the plaintiff throughout the transaction testified that
he had no knowledge whatever of the alleged condi-
tions on which the appellants signed the note in suit, and
there is no evidence which contradicts that testimony, or
tends to show that the plaintiff had such knowledge.   The
condition in the agreement requiring the payment of costs
was in part, at least, for her benefit; and, so far as she knew,
she could waive that condition without impairing the validity
of the note in suit.   But it is claimed that she was charged
with knowledge of the conditions on which the note was
signed, and cannot rely upon her ignorance of them, and
*Daniels v. Gower,* 54 Iowa, 319, and other cases, are cited in
support of that claim.   We had occasion to examine the ques-
tion thus presented in the recent case of *Bank v. Boddicker,*
105 Iowa, 549, and reached the conclusion that the doctrine
of *Daniels v. Gower,* for which the appellants contend, was
erroneous, and overruled it.   Following the rule last
announced, we must hold that the jury would not have been

authorized to find that the plaintiff took the note in suit with knowledge of the conditions alleged, and that they are without effect as against her.

II.   The chief contention of the appellants is that the provision written across the face of the note was a material alteration of the note, that it was made without their knowledge or consent, and that, in consequence, they are released from liability on the note.   It will be observed that the provision, by its terms, was not to be effective unless "upon the written request of all the makers" of the note, made on or before June 15, 1896.   It is said that the word "makers" did not include sureties, but the principals alone, and that the provision therefore gave to the principals the right to an extension or renewal of the note without the consent of the sureties.   The argument in support of the claim that the word "makers" was not designed to include sureties is ingenious, but not convincing.   Notes may be made by both principals and sureties, as was done in this case, and the fair and reasonable conclusion to be drawn from the words "all the makers of this note" is that they were intended to refer to all persons who had signed the note. If the meaning could be regarded as ambiguous, undisputed evidence shows that the words were intended to include the sureties.   The provision was written on the face of the note without the knowledge or consent of the appellants, and, if material, and it has not been ratified, they are discharged from liability on the note.   It is said that the effect of the provision was to make the note non-negotiable.   "An alteration, to be material, must be in a material part of the instrument, and affect the rights and liabilities of the parties thereto.   *   *   *   And unless the alteration changes the legal effect of the instrument,—*i. e.* makes it express a contract different from that which was entered into by the parties thereto—it will not be material." 2 Am. & Eng. Enc. Law (2d Ed.), 222.   See, also, *Rowley v. Jewett,* 56 Iowa, 492.   The intent with which an imma-

terial alteration is made is not material. *Robinson v. Insur-- ance Co.,* 25 Iowa, 430. It is said in 1 Greenleaf Evidence, section 565, that any alteration which causes a written con- tract to speak a language different in legal effect from that it originally spoke is material. The grounds for the rule are stated to be: First, that of public policy, to prevent fraud; and, second, to insure the identity of the instrument. In *State v. Stratton,* 27 Iowa, 420, it was held that the remov- ing from the bottom of a promissory note for twenty-five dollars of a provision in words as follows: "When the said Brown [maker] sells fifty dollars' worth of water elevator, and pays twenty-five dollars, this note to be considered paid,"—was a material alteration. See, also, *Benedict v. Cowden,* 49 N. Y., 396. In *Needles v. Shaffer,* 60 Iowa, 65, the substitution of the word "bearer" for "order" was held to be a material alteration. An extension of time is a mater- ial alteration. *Bonney v. Bonney,* 29 Iowa, 448; *Roberts v. Richardson,* 39 Iowa, 290. The same is true of a change in the time for paying the interest *(Marsh v. Griffin,* 42 Iowa, 403; *Coburn v. Webb,* 56 Ind. 96), and of the addi- tion of other signers *(Hamilton and Hooper,* 46 Iowa, 515; *Berryman v. Manker,* 56 Iowa, 150; *Sullivan v. Rud- isill,* 63 Iowa, 158). The same is true of the addition of the word "cashier" to the name of the payee. *Hodge v. Bank,* 7 Ind. App. 94 (34 N. E. Rep. 123). See, also *Charlton v. Reed,* 61 Iowa, 166. The words, "all terms and condi- tions included in above approved, read, and agreed," written over the signature of a party to a written proposal, have been held to constitute a material alteration. *Publishing Co. v. Fisher,* 10 Utah, 147 (37 Pac. Rep. 259). The words "privilege of extension for thirty days after maturity given," inserted at the bottom of a promissory note, and above the signature, effect a material alteration. *Flanigan v. Phelps,* 42 Minn. 186 (43 N. W. Rep. 1113). See, also, *Bank v. Piollet,* (Pa. Sup.) 17 Atl. Rep. 603. The alteration in each of the cases referred to, from the time it was

made, purported to be in force, and a part of the instrument, and not a mere offer of a change, which, to be effectual, required an acceptance by the persons to whom it was made. That is also true of the alteration involved in *Bank v. Laughlin,* 4 N. D. 391 (61 N. W. Rep. 473), which consisted in the words "agreeing to pay all expenses incurred by suit or otherwise in attempting the collection of this note, including reasonable attorneys' fees," inserted in a note after it was made and delivered. It was said in that case to be settled that the alteration of a note non-negotiable in form, so as to invest it with the form and guise of negotiable paper, is a material alteration. "The qualities essential to a negotiable promissory note are that it shall possess certainty as to the payor, the payee, the amount, the time of payment, and the place of payment." *Smith v. Marland,* 59 Iowa, 645. See, also, *Miller v. Poage,* 56 Iowa, 96; *Woodbury v. Roberts,* 59 Iowa, 348; *Gordon v. Anderson,* 83 Iowa, 224; *Culbertson v. Nelson,* 93 Iowa, 187. It is said in Tiedeman Commercial Paper, sections 394, 395, that any alteration is material which changes the liability of the parties in any way; that the alteration avoids the paper, whether it is favorable or unfavorable to the party making the alteration, for the reason that the alteration affects the identity of the paper, and avoids it and that an alteration is immaterial whenever it does not change the legal effect of the instrument. We are of the opinion that the better rule sustained by both reason and authority is that an alteration which does not destroy the identity of a written instrument, nor in any manner affect the liability thereon of the surety, is not such an alteration as will release the surety. *Bank v. Hyde,* 131 Mass. 77; *Bucklen v. Huff,* 53 Ind. 474; *Barber v. Burrows,* 51 Cal. 404; 2 Brandt Suretyship (2d Ed.), section 370; 2 Daniel Negotiable Instruments (4th Ed.), sections 1313, 1322. The provision in question did not purport to affect the terms of the note, nor the liabilities of its signers. It was in the nature of an offer to extend the time for the

payment of the note, or to renew it, on condition, however, that all the signers should unite in a written request for the extension or renewal. Until that should be done, the provision was, as to the liability of the signers, wholly without effect, and it could not have affected them in any manner without a request in writing by them. The right of the sureties to enforce payment by the principals at the maturity of the note remained intact. To release the sureties under these circumstances would be unjust and unauthorized. See *Jackson v. Boyles,* 64 Iowa, 428. The views expressed dispose of the controlling questions in the case. We do not find any ground for disturbing the judgment of the district court, and it is AFFIRMED.