CENTRAL STATE BANK v. S. R. SPURLIN, Appellant.

**Bills and Notes:** NEGOTIABILITY: *Describing payee as "trustee."* The addition of the word "trustee," following the name of a payee in a note, does not destroy its negotiability, as such word is *descriptio personae.*

BONA FIDE HOLDER: *Notice.* Where plaintiff, in purchasing a negotiable note for value before maturity, makes some inquiry as to the paper, his negligence in not ascertaining that the note was obtained by fraud and was without consideration will not charge him with notice, it being the undisputed evidence that plaintiff bought the note in the usual course of business, before due, for full value and without notice of any infirmity.

*Appeal from Hardin District Court.*—HON. D. R. HIND-MAN, Judge.

SATURDAY, APRIL 14, 1900.

ACTION at law upon a promissory note. Defenses, fraud, and want of consideration, and that plaintiff is not an innocent holder. There was a jury trial, and from a verdict and judgment in plaintiff's favor defendant appeals.—*Affirmed.*

*W. J. Moir* and *John Porter* for appellant.

*Albrook & Lundy* and *Wm. B. Brown* for appellee.

Waterman, J.—The note sued on is in the following form: "$250.00.    Marshalltown, Iowa, May 27, 1896. Twelve months after date, for value received, I promise to pay to J. M. Fitzgerald, trustee, or order, two hundred and fifty dollars, payable at Marshalltown Bank, with interest at 6 per cent. per annum, payable annually, 6 per cent. on interest due, if action is commenced hereon, a reasonable attorney's fees, and hereby consent that any justice of the peace may have jurisdiction on this note. [Signed] S. R. Spurlin."    The pivotal question to be determined is, was this note negotiable?    When a conclusion is reached upon this point, all of the other matters argued can be disposed of readily.    The claim is that the payee of the note was not certain; that the word "trustee," following his name, makes it evident that some person other than Fitzgerald was interested in the note, as payee, and because of this the negotiability of the instrument was destroyed. If the word "trustee" is to be construed as mere matter of description, then Fitzgerald would have a right of action on it in his own name, and its negotiability would not be affected.    Mr. Daniel, in his work on Negotiable Instruments (volume 1, section 415), says: "If a note be payable to an individual, with the mere suffix of his official character, such suffix will be regarded as *descriptio personae,* and the individual is the payee."    This is universally admitted with relation to such words as "agent," "president," and "executor."    As to the title "cashier," commercial usage has so altered the rule that the bank may sue thereon, and its possession of the note will, alone, be sufficient evidence of title.    1 Daniel Negotiable Instruments, section 1189.    For some reason that to us does not seem quite clear, the authorities are not altogether in harmony as to the effect when

the word "trustee" is added to the payee's name. The use of the suffix "agent," or "executor" indicates, as well as the word "trustee," that some person other than the named payee is equitably interested in the proceeds of the note. So this reason is not sufficient for holding that negotiability is destroyed, and no other has been advanced or occurs to us. In a well-considered case the court of appeals of Tennessee, after noting the conflict of authority, thus concludes: "We take it, the decided weight of authority, and, it seems to us, of sound reason, supports the position that the addition of the word 'trustee' to the name of the payee of a note does not destroy its negotiability." *Fox v. Trust Co.,* 37 S. W. Rep. 1102. See, also, *Bush v. Packard,* 3 Har. (Del.) 385; *Downer v. Read,* 17 Minn. 493 (Gil. 470); *Binney v. Plumley,* 5 Vt. 500; *Pierce v. Robie,* 63 Am. Dec. 614. We are quite content to follow these holdings. The case of *Gordon v. Anderson,* 83 Iowa, 224, cited and relied upon by appellant, is not in conflict with this principle. In that case the note was made payable to "Chas. R. Whitesell et al." The payee there was undoubtedly rendered uncertain, for by its terms the legal title to the note was vested in others, unnamed, jointly with Whitesell.

II. This instrument was, for the reasons given, negotiable. The undisputed evidence shows that it was purchased by plaintiff bank in the usual course of business, before due, without notice of any infirmity, and that full value was paid therefor. It was shown that the bank made some inquiry as to the paper before purchasing. The claim is made that, had it inquired further, it would have learned that the note was obtained by fraud, and was without consideration. Without saying that the evidence does not show the bank to have been diligent in this respect, the rule is that mere negligence on the part of the purchaser is not sufficient to charge him with notice. *Lehman v. Press,* 106 Iowa, 389, and cases cited.

The uncontradicted evidence thus showing that plaintiff was a *bona fide* holder, the defenses offered could not be urged against it. The trial court would have been justified at the close of the testimony in ordering a verdict for plaintiff. This being true, we need not consider the many criticisms of the charge of the trial court; for the errors committed, if any, were without prejudice.—AFFIRMED.