CARRIE THROP et al., Appellees, v. J. R. CHALOUPKA et al., Appellants.

**ALTERATION OF INSTRUMENTS:** Nonmaterial Changes—Effect on Surety. A surety on a bond executed by a trustee and conditioned to carry out a specified trust is not discharged by changes and alterations in the trust agreement which work no legal change in the liability of the trustee or surety.

Headnote 1:  32 Cyc. p. 181.

Headnote 1:  21 R. C. L. 1007.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

APRIL 6, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Action against the sureties upon a bond given to secure the faithful performance of the defendant Chaloupka as trustee. Verdict and judgment for plaintiffs, and the defendant sureties appeal.—*Affirmed.*

*McKenzie, Lower & Sheehan* and *Preston. & Dillinger,* for appellants.

*Kimball, Peterson, Smith & Peterson,* for appellees.

STEVENS, J.—On June 27, 1914, appellees entered into a contract in writing with E. H. Lougee, by which they agreed to sell and convey to him on March 1, 1915, the southwest quarter (SW¼) of Section 4, Township 74, Range 40, Pottawattamie County, Iowa. By the terms of the contract, Lougee agreed to execute a note and mortgage to appellees for $14,000. He later sold the farm to Ray Hotze. Sometime in November, 1914, the parties interested met at the home of one of them in Council Bluffs, and the matter of the sale and other matters were fully talked over. An attorney, who had been previously employed to prepare the same, was present with two documents, identified in the record as Exhibit 8. These documents consisted of a declaration of trust, subsequently signed by J. R. Chaloupka as trustee, and a bond, subsequently signed by him as principal, and by appellants as sureties. The declaration of trust was executed by Chaloupka in favor of Carrie Throp, the surviving widow of W. L. Throp, deceased, who was possessed of a life estate in all of the property of the estate, and also in favor of appellees, who are, under the will, the beneficiaries of the remainder.

The declaration of trust, as originally drawn, recited that a note for $14,000, as proceeds of the sale of the land, was to be executed by Ray Hotze to Chaloupka, as trustee, the note to bear date March 1, 1915, and to be secured by mortgage upon land described in the trust instrument. On January 21, 1915, at a meeting in Council Bluffs at the office of E. H. Lougee, which was attended by appellees and Chaloupka, it was agreed that E. H. Lougee would take title to the land, and execute the note for $14,000 to Chaloupka, as trustee, the same to bear date January 21, 1915, and to become due in 10 years after March 1st. For the purpose of conforming the trust agreement to this arrangement, the name of Ray Hotze was erased therefrom, and that of E. H. Lougee substituted, and "March 1st, 1915," was changed so as to read "January 21, 1915, due in 10 years from March 1st, 1915." The note and mortgage were then executed by Lougee, as agreed. On March 1, 1915, Lougee conveyed the mortgaged premises to Ray Hotze, who assumed and agreed to pay the $14,000 note and mortgage. Later, and on February 26, 1917, Hotze sold 65 acres of the Throp tract to Adolph Goos. The $14,000 mortgage was then released by Chaloupka, and a

new note for $9,500 was executed by Hotze to him, as trustee, together with a mortgage on the portion of the farm to which title was retained by him, and another note for $4,500 was executed by Goos to Chaloupka, secured by mortgage on the 65 acres purchased by him of Hotze. These notes were later paid by the makers to Chaloupka.

The original declaration of trust required Chaloupka to furnish a bond in the penal sum of $15,000, with good and sufficient sureties, conditioned for the faithful performance of his duties as trustee. A bond was accordingly executed, bearing date January 13, 1915, signed by Chaloupka as principal and appellants as sureties. This action is on the bond, the petition alleging that Chaloupka has appropriated the $14,000, together with a sum due as interest thereon, to his own use, and fails or refuses to account therefor.

The alterations in the original declaration of trust above referred to were established by the evidence. At the conclusion of the testimony, appellants moved for a directed verdict, upon the ground that the alterations made in the trust agreement operated to discharge appellants, as sureties, from liability on the bond. The motion was overruled, and the cause submitted to the jury upon the single issue tendered by the denial of appellants, under oath, of the genuineness of the signatures on the bond. Upon this issue the jury found for the plaintiff, and judgment was accordingly entered.

The argument of counsel is directed largely to the question of the legal effect of the alleged alterations in the trust agreement. The court below held that they made no change in the legal effect of the bond, and that they were, therefore, not material. This was a question of law, for the court, and not of fact, for the jury. *Robinson v. Phoenix Ins. Co.*, 25 Iowa 430; *Jackson v. Boyles*, 64 Iowa 428; *Horton v. Estate of Horton*, 71 Iowa 448. It is a rule well settled in this state that alterations in a written instrument which do not change the legal effect thereof are immaterial. *Starr v. Blatner*, 76 Iowa 356; *Rowley v. Jewett*, 56 Iowa 492; *Sawyer v. Campbell*, 107 Iowa 397; *Durband v. Ney*, 196 Iowa 574; *Dille v. Longwell*, 198 Iowa 540.

The materiality of the alterations complained of must be determined by the proper interpretation and construction of the bond, the only instrument signed by appellants. The alterations

complained of in no respect affected the liability of Chaloupka, as trustee, to the beneficiaries of the trust. The mortgage given to secure the note for $14,000 pledged the same security as would have been pledged if it had been executed by Hotze, as originally contemplated. Appellants did not, as sureties on the bond, assume any responsibility as guarantors of the $14,000 note. The condition of their obligation was for the faithful and honest performance by the principal of the bond of his duties as trustee, and not otherwise. Chaloupka was authorized by the trust agreement to receive payment of the note and to reinvest it in mortgages upon Pottawattamie County land, in compliance with the terms of the agreement. The acceptance by him of a note signed by Lougee, instead of Hotze, under the agreement, and the manner in which the same was handled, would not have violated his duties as trustee. The fund was placed in his hands by the life tenants and the remaindermen in good faith, to be handled and invested by him in the manner agreed upon. The reference in the trust agreement to a note of $14,000 to be executed by Hotze was, in legal effect, a mere recital of facts concerning the trust fund as they were then understood. In other words, the reference in the trust agreement to the note amounted to nothing more than a mere statement of the form in which the trust fund was supposed to exist after March 1, 1915. The cases cited by appellant all involved alterations in written instruments that went directly to the legal effect thereof. Typical of the cases cited from this state are the following: *Gower v. Halloway,* 13 Iowa 154; *Stillman v. Wickham,* 106 Iowa 597. To these may be added *Queal & Co. v. Stradley,* 117 Iowa 748; *Crossley v. Stanley,* 112 Iowa 24; *Getchell & Martin Lbr. & Mfg. Co. v. Peterson & Sampson,* 124 Iowa 599; *Bartlett & Kling v. Illinois Sur. Co.,* 142 Iowa 538; *Holland v. Story County,* 195 Iowa 489; and many others. They are not in point here.

It seems clear to us that the alterations of the trust agreement of which appellants complain, in no manner affected their legal liability or that of any other person bound by the several transactions, and are, therefore, immaterial. The court, as we view it, did not err in refusing to direct a verdict in appellants' favor. The decision of this point adversely to appellants makes it unnecessary to discuss the remaining propositions argued by counsel.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.