WILLIAM SEARS *vs.* CHRIST WEMPNER and another.

November 29, 1880.

**Receipt indorsed on Note.**—An indorsement on a promissory note, "interest paid to November 20, 1876," even though it be proved that a new note was at that date given for the interest, is in the nature of a receipt, and not of a contract, and may be contradicted or explained by parol.

Evidence *held* sufficient to sustain finding of fact.

Plaintiff brought this action in the district court for Wabasha county, to restrain the defendant Stahman from foreclosing by advertisement a mortgage upon several tracts of land belonging to defendant Wempner, on one of which the plaintiff held a second mortgage, the plaintiff alleging that sundry payments had been made by Wempner to Stahman, on the notes secured by the first mortgage, which payments had been indorsed on the notes, and that some of those notes had been paid in full, and that defendant Stahman, in his notice of foreclosure, ignored those payments, and claimed a

much larger sum than that actually due. The action was tried by *Mitchell*, J., who found the facts in substance as follows: On November 20, 1871, Wempner made and delivered to Stahman his seven promissory notes, with 12 per cent. interest, payable annually, and, to secure payment of the notes, executed and delivered to Stahman a mortgage on the land described in the complaint. On November 1, 1876, there was due, and to become due on November 20, 1876, interest on the notes and mortgage, with a small balance of principal of one of the notes (a note for $100,) amounting in all to $465. To adjust this interest and balance of principal, Wempner, on November 1, 1876, executed and delivered to Stahman his note for $465, due one year from date, with 12 per cent. interest, on the receipt of which note, and for no other consideration, Stahman surrendered the $100 note, and indorsed on the others the following: "Interest paid to November 20, 1876." On November 1, 1878, a similar transaction took place as to the interest due and to become due on November 20, 1878. Wempner, being unable to pay all the interest, gave a note for $80, due in one year, with 12 per cent. interest. This note was given to adjust the interest on the mortgage, and on receiving it, and the balance of the interest in cash, Stahman indorsed each of the notes as follows: "Interest paid to November 20, 1878." Neither the $465 note nor the $80 note was given or received as payment of interest due on the mortgage debt, but they were both given and received with the understanding that they should be and remain a part of the debt secured by the mortgage, and that they should be secured by the mortgage.

The court also found that the amount claimed by Stahman in his notice of foreclosure and sale (which included the amount due on the $465 note and the $80 note, without interest) was actually due, and ordered judgment for defendant, which was entered, and the plaintiff appealed.

*C. H. Benedict* and *Chas. E. Flandrau*, for appellant.

*Stocker & Matchan*, for respondent Stahman.

GILFILLAN, C. J.   The indorsement on each of the several
notes held by the defendant Stahman against defendant
Wempner, and secured by the mortgage, "Interest paid to
November 20, 1876," was in the nature of a receipt, and not
of a contract, and might be contradicted or exp'ained by
parol.   This being so, the only question in the case is whether
the evidence sustains the finding of fact by the court below.
The evidence furnished by the indorsements that the note then
given for the interest was in payment of such interest, so as
to extinguish that part of the indebtedness evidenced by the
notes, is strong.   But the evidence of Stahman, that it was
not given or received in payment, is direct and explicit, and
not contradicted except by the indorsements, thus producing
a conflict in the evidence which was for the court trying the
question of fact to determine.   We cannot disturb that deter-
mination.

Judgment affirmed.