WILLIAM W. HOLCOMBE *vs.* JOHN A. JOHNSON.

December 1, 1880.

**Acts of Receiver under Erroneous Order of Appointment.**—An order made by a district judge, upon a disclosure in proceedings supplementary to execution, appointing a receiver of certain specific property of the judgment debtor, is an adjudication that such property is not exempt property, and protects the receiver for acts done under it and in conformity therewith, though afterwards reversed for error in such adjudication.

By an order in supplementary proceedings in an action by one Umland against William W. Holcombe, the defendant in this action, John A. Johnson, was made receiver of the rents of part of a building belonging to Holcombe. On appeal to this court, that order was reversed on the ground that the property was Holcombe's homestead. See *Umland* v. *Holcombe,* 26 Minn. 286. This action was brought in the district

court for Washington county to recover rents received by Johnson prior to the reversal. In his answer the defendant pleaded his appointment as receiver, and that the rents collected by him had been paid over, pursuant to the directions of the order appointing him, prior to the reversal of that order in this court. A demurrer to the answer was overruled by *Crosby,* J., and the plaintiff appealed.

*McCluer & Marsh,* for appellant.

*O. H. Comfort* and *Chas. E. Flandrau,* for respondent.

CORNELL, J. The only objection made to the order under which defendant acted is that the property of the judgment debtor, in respect to which said defendant was appointed a receiver, was in fact exempt property, and therefore not liable to be taken and applied towards the satisfaction of the judgment mentioned in the order. Whether it was exempt or not was a question which the judge was authorized to consider and determine upon the facts presented by the disclosure, and in the exercise of the jurisdiction over the supplementary proceedings which was clearly vested in the district court. Having such authority, an erroneous ruling of the question would be simply a mistake or error committed in the exercise of its jurisdiction, to be remedied on appeal. It would not render its decision void for want of jurisdiction. Such being the character of the order in this case, it was valid until reversed, and furnished full protection to the defendant for acts done under it and in strict conformity with its requirements while it remained in force.

Order affirmed.