CAMBRIDGE SAVINGS BANK *vs.* HENRY D. HYDE & another, executors.

Suffolk.    January 17. — April 6, 1881.    COLT & FIELD, JJ., absent.

A memorandum made by the holder on the back of a promissory note, to the effect that the rate of interest after a certain day will be less than that stated in the body of the note, is not an alteration of the note; and does not discharge a surety of the maker, although written in pursuance of an agreement between the holder and the maker of the note without the knowledge of the surety.

MORTON, J.    This is a suit against the executors of one of the sureties upon a promissory note held by the plaintiff. By the note, which is dated October 16, 1871, the maker promises to pay to the plaintiff $6000 on demand, with interest at the rate of seven and one half per cent per annum, payable semi-annually. At the trial, it appeared that the treasurer of the plaintiff, some years after the date of the note, having authority

to do so, wrote upon the back of the note the memorandum, "Rate of interest to be 6½ per cent from Oct. 10, 1876." The defendants asked the court to rule " that any change in the rate of interest of the note, whether made on the face of the note or by a memorandum in the margin or upon the back of the note, was a change in the terms of the contract, and a material alteration of the note such as would discharge the defendants' testator, if made without his consent, and that the indorsement upon the back of the note in suit was such an alteration; " which ruling the court refused.

The defendants contend, in the first place, that this memorandum thus made was a material alteration, in the sense of a mutilation, of the note, which avoided it as to all parties not consenting to it. In the cases where it has been held that a material alteration of a note or other contract avoids it, there has been some change by erasure or interlineation in the paper writing constituting the evidence of the contract, so as to make it another and different instrument, and no longer evidence of the contract which the parties made. The ground of the decisions is that the identity of the contract is destroyed. *Wade,* v. *Withington,* 1 Allen, 561. *Commonwealth* v. *Emigrant Savings Bank,* 98 Mass. 12. *Belknap* v. *National Bank of North America,* 100 Mass. 376. *Hewins* v. *Cargill,* 67 Maine, 554. But in the case at bar it is clear that, using the word in this sense, there has been no alteration of the note. The original note remains intact. It is in no respect altered or made different. The memorandum on the back is evidence of an independent collateral agreement, and has no more effect than if it had been written on a separate paper. *Stone* v. *White,* 8 Gray, 589.

The defendants also contend that, if the memorandum is to be treated as an independent collateral agreement, yet it makes such a change in the terms of the contract as to discharge the sureties, who did not consent to it. It is clear that, if a creditor makes any agreement with the principal debtor, or does any other act which is prejudicial to the rights of the surety, the surety is discharged from his liability. Thus, if the creditor, by a valid agreement founded upon a sufficient consideration, extends the time of payment of the debt, the surety is discharged. The reason is, that such an agreement materially affects the

rights of the surety, since it prevents him from paying the debt and having an immediate remedy against the principal debtor. *Hunt* v. *Bridgham,* 2 Pick. 581. *Agricultural Bank* v. *Bishop,* 6 Gray, 317. Mr. Justice Story states the rule to be, "that if a creditor does any act injurious to the surety, or inconsistent with his rights; or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety; in all such cases the latter will be discharged." 1 Story Eq. Jur. § 325. The surety is discharged because the act of the creditor is injurious to him and is inconsistent with the duty which the creditor owes to him. Where the act of which the surety complains is a new agreement changing some of the terms of the original agreement, we think the true rule is, that, if such new agreement is or may be injurious to the surety, or if it amounts to a substitution of the new agreement for the old, so as to discharge and put an end to the latter, the surety is discharged. But if the change in the original contract from its nature is beneficial to the surety, or if it is self-evident that it cannot prejudice him, the surety is not discharged. *Smith* v. *United States,* 2 Wall. 219. *Appleton* v. *Parker,* 15 Gray, 173. *General Steam Navigation Co.* v. *Rolt,* 6 C. B. (N. S.) 550. *Bowmaker* v. *Moore,* 7 Price, 223. *Holme* v. *Brunskill,* 3 Q. B. D. 495.

In the case at bar, the new agreement was, that, after a day named, the interest on the principal sum lent by the plaintiff should be at the rate of six and a half instead of seven and a half per cent. It was clearly not the intention of the parties to discharge the note and substitute a new contract in its place. The agreement presupposes that the note is to remain in force as a promise to pay the principal debt. The parties did not intend to release the principal debtor or the sureties from their obligation to pay the note, but only to remit a portion of the interest payable under it for the use of the money. We know of no rule of law which requires us to defeat the intention of the parties by holding that this operated to discharge the original contract in whole. It is also clear that the change in the original contract, by reducing the rate of interest, could not be prejudicial to the sureties. It is to be borne in mind that there was no contract by the plaintiff giving time to the principal debtor, and no

contract by the debtor that the amount of the note should remain on interest at the new rate for any time. The plaintiff could at any time have sued on the note, and the sureties could at any time have paid the note and have had a right to sue their principal at once. The agreement was merely a stipulation to remit a part of the sum which the plaintiff might claim under the note. It did not tie the hands of the creditor, or alter unfavorably the condition of the surety. If there was any consideration for it, so that it had any validity, it could not operate to the injury of the sureties, any more than an indorsement of, or a receipt for, a part of the principal would. The change made in the terms of the note was necessarily beneficial to all parties bound by it. We are of opinion that the sureties were not discharged, even if they had no knowledge of the change; and that the ruling of the Superior Court to that effect was correct.

*Judgment on the verdict for the plaintiff.*

*M. F. Dickinson, Jr. & H. R. Bailey*, for the defendants.
*G. S. Hale*, (*C. F. Walcott* with him,) for the plaintiff

