F. A. THEOPOLD and Another v. H. W. DEIKE and Another.

April 26, 1899.

Nos. 11,627—(152).

**Promissory Note—Indorsement of Payment—Alteration of Note.**
A memorandum of a partial payment, indorsed by the holder on a promissory note, is no part of the note, or written evidence of the contract of the parties; and hence its erasure by the holder, although fraudulently made, is not an alteration of the note, and will not avoid it.

Action in the district court for Rice county on a promissory note for $275. The court, Buckham, J., made an order granting a motion for judgment on the pleadings in favor of plaintiff for the recovery of $132.68 and interest; and from a judgment entered in pursuance thereof, defendant William C. Deike appealed. Affirmed.

*Thos. H. Quinn*, for appellant.

*A. D. Keyes*, for respondent.

MITCHELL, J.

Action upon a promissory note executed by the defendants to the plaintiff on November 14, 1893, and payable in 90 days. The facts alleged in the answer are that on January 30, 1894, the defendants paid plaintiff upon the note the sum of $148.12, which plaintiff indorsed on the note as a payment thereon; that subsequently the plaintiff, for the purpose of cheating and defrauding the defendants, erased this indorsement of payment from the note, so that it

does not now appear thereon, and then brought this action to recover the full amount of the note.

The contention of the defendants is that this erasure of the indorsement of the payment constituted a fraudulent material alteration of the instrument in the sense of a mutilation of the note, which avoided it as to all parties not consenting to it. The point is without merit.

To constitute a mutilation of a note or other contract which will avoid it, there must be some change or alteration in the writing constituting the evidence of the contract so as to make it another and different instrument, and no longer evidence of the contract which the parties made. The ground upon which the doctrine rests is that such an alteration avoids the instrument; that it destroys the identity of the contract. A memorandum of a payment indorsed by the holder on the back of a promissory note is no part of the contract of the parties. The original note, which constituted the evidence of their contract, remains intact. The memorandum of payment is merely evidence against the holder of the fact of the payment, and is of no more effect than if made on a separate piece of paper. Cambridge v. Hyde, 131 Mass. 77. Writing on the back of an instrument may be such as to form a part of the contract itself, and in such a case an alteration of the indorsement would constitute an alteration of the written evidence of the contract of the parties; but a memorandum of a partial payment indorsed by the holder on the back of a promissory note is not of this character. It is neither a contract nor any part of a contract, but a mere acknowledgment, in the nature of a receipt of payment, which is open to contradiction or explanation by parol. Sears v. Wempner, 27 Minn. 351, 7 N. W. 362.

Judgment affirmed.