# Cases

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

HUGH McCAFFERY v. OTTO BURKHARDT.[1]

December 29, 1905.

Nos. 14,568—(148).

**Indorsement—Parol Evidence.**

    An indorsement of payment on a negotiable instrument is in the nature of a receipt, not of a contract. It may be contradicted or explained by parol.

**Payment of Mortgage Notes.**

    In this case the evidence is examined, and *held* sufficient to justify a finding of fact that the notes secured by a mortgage were not in fact paid, although there were indorsements of payments thereon, and that the mortgage was not kept alive for the purpose of hindering or delaying or defrauding any person, and in particular a creditor of the mortgagor, the lien of whose judgment was subsequent to the lien of the mortgage.

    Appeal by plaintiff from an order of the district court for Polk county, Watts, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Affirmed.

*George H. Selover, Ole J. Vaule,* and *Wm. P. Murphy,* for appellant.
*S. L. Campbell* and *Martin O'Brien,* for respondent.

---

[1] Reported in 105 N. W. 971.

JAGGARD, J.

This was an action brought to set aside the foreclosure of a prior mortgage lien in aid of plaintiff's execution on a judgment subsequent to the mortgage.

On December 15, 1890, defendant's father and mother had executed a mortgage on the premises. On June 23, 1894, plaintiff obtained a judgment in Wabasha county against the father of the defendant. That judgment was docketed in Polk county on September 26, 1894, and became a lien upon a lot in Crookston and a hotel situated thereon. On May 2, 1904, the premises were sold under execution sale under said judgment to the plaintiff for $753.36. On December 18, 1901, defendant obtained an assignment of the mortgage, and on October 24, 1903, bid in the premises at foreclosure sale. On January 22, 1904, the father and mother quitclaimed to the defendant. This action is brought to set aside the foreclosure, on the ground that the mortgage was paid in fact and was kept alive for the sole purpose of hindering, delaying, and defrauding the plaintiff. At the trial the defendant produced the notes, which were introduced into evidence. There were a number of indorsements of payments on each of the notes. The court ordered judgment for the defendant. The plaintiff made a motion for a new trial. The court granted a new trial as to the amount of taxes and insurance paid, but in all other respects denied the motion. Plaintiff thereupon took this appeal.

1. The appellant contends that the notes and mortgages were paid and extinguished in toto prior to the purchase by the defendant. It may be conceded that the indorsements were prima facie evidence of payment and extinguishment, that it is immaterial that the money was paid by a third party, and that on the facts in this case there could be no subrogation. It is, however, the well-settled rule in this state that an indorsement of payments on a negotiable instrument is in the nature of a receipt, not of a contract, and may be contradicted or explained by parol. Sears v. Wempner, 27 Minn. 351, 7 N. W. 362; Theopold v. Deike, 76 Minn. 122, 78 N. W. 977. "This being so," as Chief Justice Gilfillan said, in Sears v. Wempner, supra, "the only question in the case is whether the evidence sustains the finding of fact by the court below." In this case there was no direct and explicit testimony by the defendant as to the time when he bought the notes and mortgage. Nev-

ertheless we think there was sufficient evidence to sustain the trial court, within the familiar rule on that subject. Dunnell, Minn. Pr. § 1654. The facts show that defendant, not owning the premises, but only occupying them as a tenant, made payments of the notes secured by the mortgage on said premises from time to time; that these payments of principal and interest were marked, for example, "interest paid to March 20, 1900, without recourse"; again, on another note, "note and interest paid in full December 1st, 1900, without recourse." This is some indication of an understanding that the notes would travel farther. The defendant testified that he paid for the mortgage with his own money. "I bought it, because I thought it was my business to buy it before someone else got it. It was my place of business."

It is most significant that an assignment of the mortgage and notes was in point of fact made to defendant, and made only sixteen days after the last payment, and that the mortgage foreclosure sale antedates the filing of the transcript of the judgment. The only question was one of fact: Was the mortgage paid, or was it purchased? The judgment creditor was entitled to have that question settled. There is no issue of fraud in the transaction. The defendant had a legal right to buy the mortgage. The judgment creditor had no ground of complaint if he exercised that right. Under the familiar rule of presumption in favor of the findings of fact by the trial court, this court will not interfere with the conclusion of the trial court that the plaintiff had not sustained the burden of proof showing that the mortgage was paid in fact and that it was kept alive for the sole purpose of hindering, delaying, and defrauding this plaintiff.

2. Plaintiff further contends that, even allowing the defendant credit for all that had been paid by him on the mortgage as shown by the receipts, the court is still in error as to the amount due. The record does not show that any motion was made before the trial court to amend its findings in this regard. No reference whatever is made to this particular subject in the motion for a new trial. Under the circumstances there is nothing for this court to rule upon. It is obviously necessary that such matters of mere calculation should be fully called to the attention of the trial court. They will not be considered when they are suggested for the first time in this court.

Order affirmed.