## JOHN EATON v. ED. DELAY, Ed. Jones, and P. S. Dunn.

(L.R.A.—, —, 155 N. W. 644.)

**Negotiable instruments law — sum — payment — place of — parties — relation — medium of payment — change of either — material alteration.**

1. Under the negotiable instruments law in force in this state, any change or addition which changes the date; the sum payable, either for principal or interest; the time or place of payment; the number or the relations of the parties; the medium or currency in which payment is to be made; adds a place of payment where no place of payment is specified; or alters the effect of the instrument in any respect,—is a material alteration. (Comp. Laws 1913, § 7010.)

**Promissory note — maturity — alteration — reference memorandum — written on margin — time of payment — extension — not material alteration.**

2. A promissory note is not materially altered where the holder, at or after the maturity thereof, writes in its margin the words "May 1st, 1913," as a reference memorandum of a promise made by him to the principal maker, at the time the words were written, to extend the time of payment from December 1, 1912, to May 1, 1913.

Opinion filed December 22, 1915.

Appeal from a judgment of the District Court of Ramsey County; *Buttz,* J. Plaintiff appeals.

Reversed.

*R. Goer* and *J. B. Wineman,* for appellant. *Miller & Zuger* attorneys on oral argument.

The parties here signed the note as makers; they are absolutely liable, and required to pay it; they cannot afterwards be heard to assert the contrary. Wolstenholme v. Smith, 34 Utah, 300, 97 Pac. 329; Rev. Codes 1905, § 6421; Comp. Laws 1913, § 7004.

The signers were all principal debtors; none were mere sureties, and none were discharged. A mere memorandum reference written in the margin of a promissory note, stating a future date for payment, is not a material alteration. Northern State Bank v. Bellamy, 19 N. D. 509, 31 L.R.A.(N.S.) 149, 125 N. W. 888; Dow v. Lillie, 26 N. D. 512, L.R.A.1915D, 754, 144 N. W. 1082; Richards v. Market Exch. Bank Co. 81 Ohio St. 348, 26 L.R.A.(N.S.) 99, 90 N. E. 1000; Union Trust Co. v. McGinty, 212 Mass. 205, 98 N. E. 679, Ann. Cas. 1913C, 525; Vanderford v. Farmers' & M. Nat. Bank, 105 Md. 164, 10 L.R.A.(N.S.) 129, 66 Atl. 47; National Citizens' Bank v. Toplitz, 81 App. Div. 593, 81 N. Y. Supp. 422, affirmed in 178 N. Y. 464, 71 N. E. 1; Cellers v. Meachem (Sellers v. Lyons) 49 Or. 186, 10 L.R.A.(N.S.) 133, 89 Pac. 426, 13 Ann. Cas. 997; Murphy v. Panter, 62 Or. 522, 125 Pac. 292; Wolstenholme v. Smith, 34 Utah, 300, 97 Pac. 329; Bradley Engineering & Mfg. Co. v. Heyburn, 56 Wash. 628, 134 Am. St. Rep. 1127, 106 Pac. 170; Hunter v. Harris, 63 Or. 505, 127 Pac. 786; Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882; Lumbermen's Nat. Bank v. Campbell, 61 Or. 123, 121 Pac. 427; 1 Bouvier's Law Dict. 155 under title "Alteration," and authorities cited; 2 Enc. Pl. & Pr. 142; 2 Am. & Eng. Enc. Law, 184.

The alteration mentioned by our statute means a physical alteration of the body of the note. Rev. Codes 1905, §§ 6426, 6427; Comp. Laws 1913, §§ 7009, 7010; Morrill v. Otis, 12 N. H. 472; Moore v. Macon Sav. Bank, 22 Mo. App. 684.

It must be such an alteration as changes the instrument. State Solicitors' Co. v. Savage, 39 Fla. 703, 23 So. 413; Cambridge Sav. Bank v. Hyde, 131 Mass. 77, 41 Am. Rep. 193.

The identity of the contract must be destroyed. Wade v. Withington, 1 Allen, 561; Com. v. Emigrant Industrial Sav. Bank, 98 Mass. 12, 93 Am. Dec. 126; Belknap v. National Bank, 100 Mass. 376, 97 Am. Dec. 105; Hewins v. Cargill, 67 Me. 554.

In this case the original note remained the same as before. Stone v. White, 8 Gray, 589; Drexler v. Smith, 30 Fed. 754; 2 Dan. Neg. Inst. ¶¶ 1373–1375; 1 Whart. Ev. ¶ 565; 1 Greenl. Ev. ¶¶ 566–568; Cambridge Sav. Bank v. Hyde, 131 Mass. 77, 41 Am. Rep. 193.

Such a writing or memorandum as the one here before us is no part of the instrument; and, in any event, the holder may explain the same. Theopold v. Deike, 76 Minn. 121, 77 Am. St. Rep. 607, 78 N. W. 977.

The writing was a mere reference memorandum, forming no part of the instrument. J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826; Wicker v. Jones, 159 N. C. 102, 40 L.R.A. (N.S.) 69, 74 S. E. 801, Ann. Cas. 1914B, 1083; Huff v. Cole, 45 Ind. 300; Burnham v. Gosnell, 47 Mo. App. 637; Hutches v. J. I. Case Threshing Mach. Co. — Tex. Civ. App. —, 35 S. W. 60; American Nat. Bank v. Bangs, 42 Mo. 450, 97 Am. Dec. 349; Iowa Valley State Bank v. Sigstad, 96 Iowa, 491, 65 N. W. 407; Roberds v. Laney, — Tex. Civ. App. —, 165 S. W. 114; Hensler v. Watts, 113 Iowa, 741, 84 N. W. 666; Prudden v. Nester, 103 Mich. 540, 61 N. W. 777; Reed v. Culp, 63 Kan. 595, 66 Pac. 616; Boutelle v. Carpenter, 182 Mass. 417, 65 N. E. 799; Wolferman v. Bell, 6 Wash. 84, 36 Am. St. Rep. 126, 32 Pac. 1017; Stroud v. Thomas, 139 Cal. 274, 96 Am. St. Rep. 111, 72 Pac. 1008; Lyndon Sav. Bank v. International Co. 78 Vt. 169, 112 Am. St. Rep. 900, 62 Atl. 50; Cass County v. American Exch. State Bank, 9 N. D. 263, 83 N. W. 12; Byers v. Harris, 67 Iowa, 685, 25 N. W. 879; Fisherdick v. Hutton, 44 Neb. 122, 62 N. W. 488; Johnson v. Weber, 70 Neb. 467, 97 N. W. 585; Sawyer v. Campbell, 107 Iowa, 397, 78 N. W. 56; Rouse v. Wooten, 140 N. C. 557, 111 Am. St. Rep. 875, 53 S. E. 430, 6 Ann. Cas. 280; Delaware County Trust, S. D. & Title Ins. Co. v. Haser, 199 Pa. 17, 85 Am. St. Rep. 763, 48 Atl. 694; Barnes v. Van Keuren, 31 Neb. 165, 47 N. W. 848.

*Flynn & Traynor,* for respondents.

There is a distinction between the words "discharge" and "avoid." We contend that the instrument was "avoided" as to the sureties. Rev. Codes 1905, §§ 6426, 6427; Comp. Laws 1913, §§ 7009, 7010.

When a negotiable instrument is materially altered without the assent of all parties liable thereon, it is "avoided," except as against a party who himself made, authorized, or assented to the alteration. Rev. Codes 1905, § 6426; Comp. Laws 1913, § 7009.

Any alteration which changes the time of payment, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration. Rev. Codes 1905, § 6427; Comp. Laws 1913, § 7010.

So far as the face of the note is concerned, the effect of the instrument as to the time of payment has been changed by the addition of the words, "extended to May 1st, 1913;" and the mere writing itself presumes a consideration. Rev. Codes 1905, § 5325, Comp. Laws 1913, § 5881; Corbett v. Clough, 8 S. D. 176, 65 N. W. 1074; Niblack v. Champeny, 10 S. D. 165, 72 N. W. 402.

The writing changes the time of payment, and is material. Rev. Codes 1905, §§ 6426, 6427, Comp. Laws 1913, §§ 7009, 7010; 8 Cyc. 29, note 92; 2 Am. & Eng. Enc. Law, p. 228; 1 Dan. Neg. Inst. §§ 149, 150; 2 Cyc. 208; Sanders v. Bagwell, 32 S. C. 238, 7 L.R.A. 743, 10 S. E. 946; Flanigan v. Phelps, 42 Minn. 186, 43 N. W. 1113; Warrington v. Early, 2 El. & Bl. 763, 23 L. J. Q. B. N. S. 47, 2 C. L. R. 398, 18 Jur. 42, 2 Week. Rep. 78.

A written instrument may be varied by a memorandum in the margin; and that the terms of such memorandum are entitled to the same efficacy as if they had been contained in the body of the instrument is well established. Tuckerman v. Hartwell, 14 Am. Dec. 225, note p. 232; Wheelock v. Freeman, 13 Pick. 165, 23 Am. Dec. 674; Sanders v. Bagwell, 32 S. C. 238, 7 L.R.A. 743, 10 S. E. 946; National Ulster County Bank v. Madden, 114 N. Y. 280, 11 Am. St. Rep. 633, 21 N. E. 408; Polo Mfg. Co. v. Parr, 8 Neb. 379, 30 Am. Rep. 830, 1 N. W. 312; Joyce, Defenses to Commercial Paper, §§ 154, 155, 179; 2 Cyc. 142; Pelton v. San Jacinto Lumber Co. 113 Cal. 21, 45 Pac. 12; 2 Dan. Neg. Inst. §§ 1373, 1377; Post v. Losey, 111 Ind. 74, 60 Am. Rep. 677, 12 N. E. 121; Washington Finance Corp. v. Glass, 74 Wash. 653, 46 L.R.A.(N.S.) 1043, 134 Pac. 480.

The law regards not the purpose or the effect of such a change. It is enough that the change results in bringing into existence a contract upon which the minds of the parties did not meet. 14 Harvard L. Rev. 241; Ames-Brewster Controversy, Brannan, Neg. Inst. Law, 2d ed. 162 et seq.

CHRISTIANSON, J.   The plaintiff, at the solicitation of the defendant Delay, agreed to loan him $575, upon the condition that the joint promissory note of the three defendants, Delay, Jones, and Dunn, for that amount be executed and delivered to the plaintiff.   The note was executed and delivered, and the defendant Delay received from the plaintiff the full amount of the loan agreed upon.   The note as delivered to plaintiff was in words, figures, and form as follows:

| | |
|---|---|
| $575.00<br>Extended to . . . .<br>Extended to . . . .<br>Extended to . . . .<br>Extended to . . . .<br>No. . . . . . . | Devils Lake, North Dakota, March 26, 1912.   December 1 1912 (without grace) after date I promise to pay to the order of John Eaton . . . . . . Five hundred seventy five & no/00 . . . . DOLLARS with interest at the rate of twelve per cent per annum (payable annually) until paid.<br>    Payable at the FIRST NATIONAL BANK of Devils Lake, North Dakota.   Value received.<br>                                        Ed Delay<br>P. O. Address . . . . . . . Ed Jones<br>                                        P. S. Dunn |

About December 1, 1912, at the request of the defendant Delay, the plaintiff agreed to extend the time of payment to May 1, 1913.   The defendant Delay thereafter paid the interest due on the note up to December 1, 1912, such interest payment being received by plaintiff on December 4, 1912.   About this time (the record fails to disclose the exact date) plaintiff inserted in the margin of the note a notation of the extension.   The note with this notation added is in words, figures, and form as follows:

| | |
|---|---|
| $575.00<br><br>Extended to May<br>1st 1913<br>Extended to . . . .<br>Extended to . . . .<br>Extended to . . . .<br>No. . . . . . . | Devils Lake, North Dakota, March 26, 1912. December 1 1912 (without grace) after date I promise to pay to the order of John Eaton . . . . . . Five hundred seventy five & no/00 . . . . DOLLARS with interest at the rate of twelve per cent per annum (payable annually) until paid.<br>    Payable at the FIRST NATIONAL BANK of Devils Lake, North Dakota. Value received.<br><br>                    Ed Delay<br>P. O. Address . . . . . . . Ed Jones<br>                    P. S. Dunn |

The note not being paid, the plaintiff on October 4th, 1913, instituted this action. The complaint is in the usual form. The defendant Delay defaulted; but the defendants Jones and Dunn answered, asserting as a defense that they executed the note only as sureties for the accommodation of the defendant Delay, and in no other capacity; that the note was never presented to them for payment, and that on the day the note became due the plaintiff accepted a payment from the defendant Delay in the sum of $375, and agreed with said Delay to extend the balance due on said note until March 1, 1913. That shortly thereafter the defendant Delay paid the further sum of $45 in consideration of such extension, and that on or about March 1, 1913, the time of payment was again extended until September 1, 1913. That all of such extensions were granted without the knowledge or consent of the answering defendants. The cause came on for trial upon such pleadings. At the close of the testimony defendants' counsel moved for a directed verdict. The motion was denied, and after the denial of such motion defendants' counsel asked leave to amend the answer by inserting therein the defense that the note was materially altered by changing the time of payment thereof. This motion was granted.

No further evidence was offered, nor was the motion for a directed verdict renewed after the answer was amended.

The court submitted the issues framed by the pleadings to the jury, and the jury returned a verdict in favor of the plaintiff for the full amount claimed by him. Subsequently defendants moved for judgment notwithstanding the verdict. This motion was granted, and this appeal is from the judgment thereafter entered in favor of the defendants Jones and Dunn.

Defendants' counsel no longer relies upon the defense interposed in the original answer, but concedes that under the decision of this court in First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657, the defendants Jones and Dunn were primarily liable, and hence were not discharged by an extension of time of payment. The only defense relied upon by defendants' counsel on this appeal is the one presented by the amendment, *viz.*, that the note was materially altered by plaintiff's inserting in the margin thereof the words "May 1st 1913;" and that such alteration avoided the note as against the defendants Jones and Dunn, under the provisions of § 7009, Comp. Laws 1913.

A material alteration under the negotiable instruments law is: "Any alteration which changes:

"1. The date.

"2. The sum payable, either for principal or interest.

"3. The time or place of payment.

"4. The number or the relations of the parties.

"5. The medium or currency in which payment is to be made. Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect." Comp. Laws 1913, § 7010.

No objection was made to the introduction of the note in evidence on the ground of alteration, or that it constituted a contract different from that signed by the defendants, or upon any other grounds. Defendants' answer alleges that the agreement to extend payment of the note was made on the day it fell due; but the evidence shows that the interest payment was not received or indorsed on the note until three days after the note matured. There is no contention, either in the pleadings or in the proof, that the extension was made or the notation written in the margin of the note until after it became due.

The space wherein the notation was made constituted no part of the note. It was separated from the body of the note, in a manner, and the printed portions thereof were such as, to indicate clearly that this space was to be utilized by the holder of the note for memoranda for his convenience and guidance. It is true that courts have held that under certain circumstances memoranda made on the back or in the margin of a note may constitute a part of the contract. But we are aware of no authority holding a notation of the character and made under the circumstances involved in the case at bar to be a part of the contract, or the addition or erasure thereof to constitute a material alteration.

In Bay v. Shrader, 50 Miss. 326, the court said: "The test of the materiality of such memoranda or indorsement on the back of the instrument is the time and the intent and purpose of it. If made before or at the time of the execution of the instrument, it may be parcel of it, and may control the obligation in some important particular. . . . If such memoranda are at the foot or on the back of the note or other instrument, when executed, they constitute a part of the contract. But being disconnected from the body of the instrument to which the maker's name is signed, it forms no original part of it, until shown to have been upon it when executed." And in Theopold v. Deike, 76 Minn. 121, 77 Am. St. Rep. 607, 78 N. W. 977, the supreme court of Minnesota, speaking through the distinguished jurist, Judge Mitchell, said: "To constitute a mutilation of a note or other contract which will avoid it, there must be some change or alteration in the writing constituting the evidence of the contract, so as to make it another and different instrument, and no longer evidence of the contract which the parties made. The ground upon which the doctrine rests is that such an alteration avoids the instrument; that it destroys the identity of the contract. A memorandum of a payment indorsed by the holder on the back of a promissory note is no part of the contract of the parties. The original note, which constituted the evidence of their contract, remains intact. The memorandum of payment is merely evidence against the holder of the fact of the payment, and is of no more effect than if made on a separate piece of paper. Cambridge Sav. Bank v. Hyde, 131 Mass. 77, 41 Am. Rep. 193. Writing on the back of an instrument may be such as to form a part of the contract itself, and in such a case an alteration of the indorsement would constitute an altera-

tion of the written evidence of the contract of the parties; but a memorandum of a partial payment indorsed by the holder on the back of a promissory note is not of this character. It is neither a contract nor any part of a contract, but a mere acknowledgment, in the nature of a receipt of payment, which is open to contradiction or explanation by parol."

The reasoning of the supreme courts of Mississippi and Minnesota in the two cases above cited is entirely applicable to the case at bar. The notation in the margin of the note was made after it became due. The contract evidenced by the note signed by the defendants remained unchanged. The contractual effect of the note, and the rights and liabilities of the makers thereof, were in no manner affected. The contract remained exactly the same as it was at the time of its execution and delivery. The notation in the margin did not become a part of the contract, or affect the defendants in any particular. The only party affected was the holder of the note. As an indorsement of payment on a note is evidence against the holder tending to show such payment, so the notation in the margin in the case at bar, in case of dispute, would have been some evidence—as an admission against his interest—against the holder of the note tending to establish an agreement for extension, but it would not of itself have been evidence against or established any such agreement against the makers. The notation in the margin does not purport to be a part of the contract signed by the defendants. It clearly shows that it was merely a memorandum for the convenience and guidance of the holder of the note, and had reference to some understanding outside, and subsequent to the delivery, of the note. "A promissory note is not materially altered by writing thereon a memorandum which is purely collateral to, and independent of, the promise or contract which it contains. And the placing of a mere reference memorandum on a promissory note will not constitute a material alteration of the instrument." 2 Am. & Eng. Enc. Law, 227, 228. See also Carr v. Welch, 46 Ill. 88; Merritt v. Boyden, 191 Ill. 136, 85 Am. St. Rep. 246, 60 N. E. 907; Howe v. Thompson, 11 Me. 152; Bay v. Shrader, 50 Miss. 326; Krouskop v. Shontz, 51 Wis. 204, 37 Am. Rep. 817, 8 N. W. 241; Cambridge Sav. Bank v. Hyde, 131 Mass. 77, 41 Am. Rep. 193; Horton v. Horton, 71 Iowa, 448, 32 N. W. 452; Johnson Harvester Co. v. McLean, 57 Wis. 258, 46 Am. Rep.

39, 15 N. W. 177; Fisk v. McNeal, 23 Neb. 726, 8 Am. St. Rep. 162, 39 N. W. 616; Maness v. Henry, 96 Ala. 454, 11 So. 410; Richards v. Market Exch. Bank Co. 81 Ohio St. 348, 26 L.R.A.(N.S.) 99, 90 N. E. 1000; State Solicitors' Co. v. Savage, 39 Fla. 703, 23 So. 413; Moore v. Macon Sav. Bank, 22 Mo. App. 684; Bachellor v. Priest, 12 Pick. 399; American Nat. Bank v. Bangs, 42 Mo. 450, 97 Am. Dec. 349; Morrill v. Otis, 12 N. H. 466; Mente v. Townsend, 68 Ark. 391, 59 S. W. 41; 1 Enc. Ev. 787; 2 Am. & Eng. Enc. Law, 227; 2 Cyc. 210; 2 C. J. 1212, 1213.

While not material to a determination of this action, it may be observed, in passing, that the cause was submitted to the jury on the theory that the answering defendants were secondarily liable, and that hence any extension of the time of payment by the holder would relieve them from liability, provided such agreement of extension was supported by a consideration. The court submitted to the jury the question of whether there was any consideration for the extension, and the jury found that there was no consideration therefor.

Defendant's counsel places great reliance upon the decision of the Minnesota supreme court in the case of Flanigan v. Phelps, 42 Minn. 186, 43 N. W. 1113, which, it is asserted, is direct authority in support of their contention that the note involved in this case was materially altered. An examination of that decision shows that it is not susceptible of the construction for which defendant's counsel contends. In that case the contract itself was altered by the insertion of the following stipulation in the body of the note, above the signatures of the makers, "Privilege of extension for 30 days after maturity given." It seems too clear for argument that the decision in that case can have absolutely no bearing upon the question presented in the case at bar. In that case the contract itself was changed by the insertion of a stipulation over the signatures of the contracting parties, whereby the time of payment was extended conditionally for thirty days.

The defendants also rely upon the decision of the supreme court of Washington in the case of Washington Finance Corp. v. Glass, 74 Wash. 653, 46 L.R.A.(N.S.) 1043, 134 Pac. 480. In that case the contract itself was changed in this, that the accommodation makers signed a note for $15,000, with the understanding that a loan for this amount was to be made by the payee named in the note to the principal maker. After

32 N. D.—22.

the execution by the accommodation makers, but before delivery, the contract was changed and the loan reduced to $11,000. And in order to effect this change, an indorsement was made on the note, of a fictitious payment of $4,000, thereby in effect changing the note from a note for $15,000 to a note for $11,000. In discussing the effect of the indorsement the court said: "Whether an indorsement made in good faith after the instrument has been given currency would be material alteration we are not called upon to decide. We are quite clear, however, that the indorsement of a fictitious payment as a condition precedent to the acceptance, negotiation, discount, or delivery of a note to original payee or lender of the money changes 'the effect of the instrument' as well as the sum payable, and is an act proscribed by the statute." It is unnecessary for us to enter into any further discussion of the Washington decision, or express any opinion as to the soundness of the conclusions there reached. But it is obvious that that decision can have no application to the facts in the case at bar. In that case the effect of the contract itself was changed by the indorsement on the note prior to its delivery. In that case the terms and legal effect of the contract were changed after it was signed by the accommodation makers. The memorandum or indorsement on the contract was made for the express purpose of changing the legal effect of the contract as signed. The note which the holder sought to enforce against the accommodation makers was in effect a note for $11,000; the note they signed was a note for $15,000. The note had no contractual effect until delivered. The contract signed by the accommodation makers was changed in amount before it was delivered. That is not the condition here. In the case at bar it is conceded that the notation was made after the note had become due, and then only as a memorandum of plaintiff's gratuitous promise to the defendant delay to extend the time of payment of the note until May 1, 1913.

Respondent also cites and relies on Woodworth v. Bank of America, 19 Johns. 391, 10 Am. Dec. 239, as an authority in point. That case involved the liability of an indorser. No place of payment was mentioned in the note, and the material alteration found consisted of the following words written in the margin of the note: "Payable at the Bank of America." That case, under the then existing practice in New York, was decided by the state senate. The majority opinion

was written by Senator Skinner, and concurred in by seventeen other senators. An extended minority opinion was prepared by that great jurist, Chancellor Kent, and concurred in by nine senators. In the minority opinion Chancellor Kent said: "To conclude, then, I think that the following propositions are well founded: . . . That such a memorandum, made out of the body of the note, and being a mere intimation of the place of payment, was no part of the contract; but it was sufficient to justify the holder to call at such a place for payment, and being refused he had a right to look to the indorser. This is a clear, settled rule in England, and it has been repeatedly recognized in this country and in this state."

No good purpose would be served by any further discussion of the various authorities bearing on this question. We are agreed that the notation made in the margin of the note in the case at bar formed no part of the note, and in no manner altered it, but was a mere memorandum.

The judgment appealed from is reversed, and the trial court is directed to vacate the same and reinstate the judgment entered on the verdict.


On Petition for Rehearing (Rehearing denied December 22, 1915).


CHRISTIANSON, J. Respondents have filed a petition for rehearing herein. A consideration of such petition and the authorities therein cited only more fully confirms our belief in the correctness of our former opinion upon the merits of the appeal, and we are therefore entirely agreed that the petition for rehearing should be denied.

But in the former opinion, certain questions of practice were discussed, and in their petition for rehearing defendant's counsel request that, even though a rehearing be denied, the former opinion be modified by eliminating therefrom that portion relating to such questions of practice. While we have no reason to doubt the correctness of our views upon such questions of practice, as expressed in the former opinion, still, in view of the fact that consideration thereof is not necessary to a determination of the merits of this appeal, we have decided to grant the request of defendants' attorneys. The former opinion has there-

fore been modified and the portion relating to such practice question eliminated therefrom.

In order to avoid any misunderstanding it may be stated that the original opinion has not been reported, and the foregoing opinion constitutes the decision of this court in this case.