HARRINGTON, Respondent, v. LEIGHTON et al, Defendants, (Epsland, Appellant).

(208 N. W. 219.)

(File No. 6142.   Opinion filed April 5, 1926.)

Alteration of Instruments—Bills and Notes—Erasure of an Indorsement of Payment on Back of Note Without Intent to Defraud Is Not a Material Alteration (Rev. Code 1919, Secs. 1827, 1828 [Negotiable Instruments Act, Laws 1913, c. 279, Secs. 124, 125] and Section 910).

  Erasure of an indorsement of payment on the back of a note by the holder thereof, but without an intent to defraud, is not a material alteration, within Rev. Code 1919, Secs. 1827, 1828 (Negotiable Instruments Act, Secs. 124, 125) and section 910, avoiding the instrument as to all parties consenting thereto.

---

Note.—See, Headnote, American Key-Numbered Digest, Alteration of instruments, Key-No. 8, 2 C. J. Sec. 72, Bills and notes, 8 C. J. Sec. 1011.

Indorsement of payment on bill or note as a material alteration, see notes in 46 L. R. A. (N. S.) 1043, L. R. A. 1916F, 216.

Appeal from Circuit Court, Lake County, Hon. L. L. Flee-ger, Judge.

Action by A. J. Harrington against David W. Leighton, Andrew O. Epsland, and others to foreclose a mortgage. From a judgment in favor of plaintiff, defendant Andrew O. Espland appeals. Affirmed.

*Hall & Purdy,* of Brookings, and *H. H. Holdridge,* of Madison, for Appellant.

*Hans Urdahl* and *Ira F. Blewitt,* both of Madison, for Respondent.

MISER, Circuit Judge. This is an action to foreclose a mortgage, wherein plaintiff and respondent is mortgagee, and wherein defendant Leighton and wife were mortgagors, who later deeded the mortgaged premises to defendant and appellant Espland. The note (Exhibit A) for $3,500, and the mortgage securing same (Exhibit B), were dated December 31, 1920. They came due on December 31, 1921, and not having been paid, a renewal note was executed by the Leightons. This renewal note was satisfied on January 24, 1923, by D. W. Leighton alone executing a second renewal note (Exhibit 2) for $3,780, due December 31, 1923.

Plaintiff having obtained the $3,500 to loan defendants from the Lake County National Bank, Exhibit A, with the mortgage securing same, was indorsed by plaintiff to the bank, but the notes given in renewal and the notes given for interest were made direct by D. W. Leighton to the bank. On June 25, 1923, the defendants Leighton executed another note (Exhibit 3) to plaintiff, Harrington, as evidence of another and different indebtedness in the sum of $4,494. This was secured by a mortgage on other land than that described in Exhibit B. All these notes were indorsed by plaintiff to the Lake County Bank, and remained in the bank until September 19, 1923, when the bank required plaintiff to make good on his guaranty of payment and take them all up except Exhibit 2, the second renewal note which was left with the bank for collection.

On August 11, 1923, the defendants Leighton deeded the premises covered by the mortgage (Exhibit B) to their son-in-law, the appellant Espland, and in the deed appellant assumed and

agreed to pay respondent's mortgage of $3,500 and a first mort-
gage of $8,000 on the same premises. On September 22 Leighton
and Espland went to the bank and made a payment of $500 on
the mortgage indebtedness. This was properly credited by the
president of the bank on Exhibit 2.

Shortly thereafter Harrington also took up Exhibit 2 from
the bank and attempted to transfer the $500 indorsement from
Exhibit 2 to Exhibit 3, which was not so well secured, by drawing
a lead pencil line through the indorsement on 2 and by indorsing
payment of $500 on 3. Espland had not interest in the land se-
curing 3, and respondent, Harrington, had not actual notice of his
interest in 2, nor was the deed to Espland filed for record until
two day's after Espalnd's payment to the bank. Thereafter re-
spondent sought to foreclose Exhibit B by advertisement, giving
no credit for the $500 payment, and was enjoined from so doing.
He then brought this action, and gave defendant no credit for
the $500 payment.

Appellant contends that when, in the absence and without the
knowledge or consent of appellant or his codefendants, respond-
ent erased said indorsement, he thereby altered the note in a
material manner, and so asked judgment cancelling the note or
notes representing said mortgage indebtedness and the mortgage
securing the same.

Respondent admits the alteration, but denies that it was done
with intent to injure appellant, and alleges that it was done in
good faith and without fraud and under a belief of lawful right.

On the trial the court found that drawing a line through the
indorsement of $500 on the back of Exhibit 2, though made for
the purpose of removing the credit from said note, did not amount
to a material alteration of the note, and upon this issue of altera-
tion found for the plaintiff, and also found for plaintiff for taxes
paid and for foreclosure, giving defendants credit to $500 paid
on September 22, 1923.

This case presents but one question of law, namely, whether
the holder of a mortgage note may intentionally, though without
intent to defraud, and without the knowledge or assent of the
makers, or of the grantee of the makers assuming the mortgage
debt, erase an indorsement from a note given in renewal by draw-
ing a lead pencil line through that indorsement, or whether such

erasure is a material alteration, of the note such as to render it void. Respondent does not endeavor to make any point of the fact that no indorsement was made upon or stricken from the original note secured by mortgage and pleaded in his complaint. So no consideration will be given that point at this time.

Appellant relies upon sections 1827 and 1828 of the Revised Code 1919, and also upon section 910, Revised Code, which is the general law relating to the extinguishment of the obilgations of written contracts by material alteration thereof. These sections relied upon, so far as material, are as follows:

"Where a negotiable instrument is materially altered by the holder without the assent of all parties liable thereon, it is void except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." Section 1827, R. C. 1919.

"Any alteration which changes * * * the sum payable, either principal or interest, * * * or any other change or addition which alters the effect of the instrument in any respect, is a material alteration." Section 1828, R. C. 1919.

Section 1828, supra, is identical, so far as quoted, with section 125 of the Uniform Negotiable Instruments Act. (Laws 1913, c. 279), and section 1827, supra, is practically identical with section 124 of that act.

But respondent contends for the rule as set forth in 2 C. J. 1213, as follows:

"Although the holder of an instrument has no right to defraud the debtor by erasing credits which have been fairly entered, he may erase credits which were entered by mistake, and if an instrument appears with credits erased, it is held that this will not vitiate the whole paper, and the most that the party can claim is that he shall be restored to the benefit of the indorsement as originally made."

The authorities are far from harmonious as to whether an indorsment, placed upon the back of a promissory note after delivery, is a part of the note within the meaning of sections 124 and 125, Negotiable Instruments Law. Appellant cites Washing-

ton Finance Corporation v. Glass, 134 P. 480, 74 Wash. 653, 46 L. R. A. (N. S.) 1043, and this case is frequently cited in later decisions, but, with a very few exceptions, it is cited in support, not of the matter in question in this case, but as in Waltham State Bank v. Tuttle, 199 N. W. 971, 160 Minn. 251, where the purchaser of a note erased the words "without recourse" in the indorsement of the note to him and substituted the words "demand and protest waived;" and to like effect is Sawyer State Bank v. Sutherland, 162 N. W. 696, 36 N. D. 493. The Washington case is also cited as authority in the case of Mertz v. Fleming, 200 N. W. 655, 185 Wis. 58, where after delivery the words, "It is understood that a payment of at least $50 a month will be made on the within note," were written on the margin of the note. Furthermore the Washington case is not itself on all fours with the case at bar, for that was a case, to quote the language of the court, of "the indorsement of a fictitious payment as a condition precedent to the acceptance, negotiation, discount, or delivery of a note to the original * * * lender of the money," and this was held to be an act prescribed by the statute. The number of cases in support of respondent's views in equally great, if not greater, In the case of Eaton v. Delay, 155 N. W. 644, 32 N. D. 328, L. R. A. 1916D, 528, it was held that the words, "extended to May 1st, 1913," though placed upon the note without the knowledge or consent of two of the principal makers, were not a material alteration of the note; and to like effect was the decision of Clem v. Chapman (Tex. Civ. App.) 262 S. W. 168. That an indorsement of payment on a negotiable instrument is in the nature of a receipt, not of a contract, and may be contradicted or explained by parol, is the holding of the Minnesota court in Sears v. Wempner, 7 N. W. 362, 27 Minn. 351, and in Theopold Mercantile Co. v. Deike, 78 N. W. 977, 76 Minn. 121, 77 Am. St. Rep. 607, a case in which the facts were less favorable to the holder of the note than is the case at bar, Justice Mitchell, in speaking for the court, says:

"The contention of the defendants is that this erasure of the indorsement of the payment constituted a fraudulent material alteration of the instrument in the sanse of a multilation of the note, which avoided it as to all parties not consenting to it. The point is without merit. To constitute a mutilation of a note or

other contract which will avoid it, there must be some change or alteration in the writing constituting the evidence of the contract so as to make it another and different instrument, and no longer evidence of the contract which the parties made. The ground upon which the doctrine rests is that such an alteration avoids the instrument; that it destroys the identity of the contract. A memorandum of a payment indorsed by the holder on the back a promissory note is no part of the contract of the parties. The original note, which constituted the evidence of their contract, remains instact. The memorandum of payment is merely evidence against the holder of the fact of the payment, and is of no more effect than if made on a separate piece of paper. Bank v. Hyde, 131 Mass. 77 (41 Am. Rep. 193). Writing on the back of an instrument may be such as to form a part of the contract itself, and in such a case an alteration of the indorsement would constitute an alteration of the written evidence of the contract of the parties; but a memorandum of a partial payment indorsed by the holder on the back of a promissory note is not of this character. It is neither a contract nor any part of a contract, but a mere acknowledgment, in the nature of a receipt of payment, which is open to contradiction or explanation by parol. Sears v. Wempner, 7 N. W. 362, 27 Minn. 351."

This was followed by the North Dakota court in Eaton v. Delay, 155 N. W. 644, 32 N. D. 328, L. R. A. 1916D, 528, and the Florida court, in Bland v. Fidelity Trust Co., 71 So. 630, 71 Fla. 499, L. R. A. 1916F, 209, says:

"The indorsements of payments on the back of the note do not change the 'sum payable' or 'alter the effect of the instrument in any respect' within the meaning of" section 124 of the Uniform Negotiable Instruments Law,

—and then quotes the language of Theopold v. Deike, supra.

A careful reading of all cases cited in the briefs, as well as all available citations to sections 124 and 125 of the Negotiable Instruments Act, justifies quotation of the following language from Eaton v. Delay, supra, as being applicable to this case:

"It is true that courts have held that under certain circumstances memoranda made on the back, or in the margin of a note, may constitute a part of the contract. But we are aware of no authority holding a notation of the character, and made under the

circumstances, involved in the case at bar, to be a part of the contract, or the addition or erasure thereof to constitute a material alteration."

The judgment is affirmed.

MISER, Circuit Judge, sitting in place of SHERWOOD, J.