N. S. SLOAN, COMPLAINANT, APPELLEE, *v.* WILLIAM GATES, DEFENDANT, APPELLANT.

(*Nashville,* December Term, 1932.)

Opinion filed July 19, 1933.

SILAS WILLIAMS and CHARLES L. CLAUNCH, for complainant, appellee.

NOONE & ZIEGLER, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill herein was filed to recover a deficiency decree on a note secured by mortgage on real property which has been foreclosed.

In this cause the mortgagor sold the property to a third party, who assumed the mortgage debt, and to whom, after maturity, an extension of time in writing on the back of the note was granted, without the knowledge or consent of the defendant mortgagor.

It is conceded that in *Atlantic Life Ins. Co.* v. *Carter*, 165 Tenn., 628, it was held that in such circumstances the maker of the note was not relieved of liability, but could only be discharged in one of the ways enumerated in section 119 of the Uniform Negotiable Instruments Act. The authorities cited and referred to in the opinion in that case convinced us that the courts were in accord with the construction given to this provision of the Act. The excepted cases, as pointed out in the opinion, were predicated upon local statutes or rules of construction that did not prevail in other jurisdictions. The court simply followed its previous decision in *Graham* v. *Shephard*, 136 Tenn., 418. The Act provides in simple and unambiguous language how a party primarily bound on a note may be discharged. If a mortgagor does not wish to be bound by an extension in such circumstances, he can provide by contract at the time of the sale of the property against such liability. As a practical proposition the mortgagor ordinarily is not averse to an extension, particularly where his vendee is paying interest and taxes promptly and is keeping the property in repair. It is reasonable to assume, furthermore, that the

payee of a note would decline to extend the time of payment if requested not to do so by a solvent maker. The losses which parties in the situation of defendant are sustaining are attributable to the present economic crisis, and we doubt if, in the numerous cases of this character coming before us, the mortgagors desired foreclosures when the notes fell due.

Subsequent to the decision in *Atlantic Life Ins. Co.* v. *Carter*, the Supreme Court of Minnesota, in *Jefferson County Bank* v. *Erickson*, 247 N. W., 245, held a mortgagor discharged under similar facts. In the opinion it is said: "It is true that in suits on promissory notes not secured by mortgage one who appears as maker on the face of the notes, but is in fact an accommodation maker or surety, is not released by an extension agreement made with a comaker." The court then held that where a note is secured by mortgage a different rule applies, for the reason that the Uniform Negotiable Instruments Act does not attempt to declare what the rights of makers and holders of such notes shall be, so that the court is at liberty to apply the equitable rule that an extension of time by the payee to a third party discharges the maker. The Uniform Negotiable Instruments Act, as we interpret it, covers in general all notes that are negotiable in character, and does not undertake to confine its provisions to any particular class of notes. If the note is negotiable in form the act applies, regardless of whether it is secured by mortgage, personal surety, or collateral securities. In either case a person claiming to be a surety in fact is subjected to the same hazard by an extension. We are unable, therefore, to find any basis for such a distinction, and must adhere to our former decision, which is supported by the case of *Peter* v. *Finzer* (Neb.),

65 A. L. R., 1419, and *Continental Mut. Sav. Bank* v. *Elliott* (Wash.), 81 A. L. R., 1005, cited and approved in the Atlantic Life Insurance case.

It is further contended that the extension of time of payment constituted an alteration of the instrument, within the purview of the Uniform Act, that discharged the defendant. Such was the holding by the Supreme Court of Louisiana in *Isaac* v. *Van Hoose,* 131 So., 845, but no authority was cited in the opinion to support the decision, and the great weight of authority is to the contrary. *Eaton* v. *Delay,* 32 N. D., 328, L. R. A., 1916D, 528; *Oklahoma State Bank* v. *Seaton,* 69 Okla., 99, 170 Pac., 466; *Clem* v. *Chapman* (Tex. Civ. App.), 262 S. W., 168; *Richards v. Market Exchange Bank Co.,* 81 Ohio St., 348, 90 N. E., 1000, 26 L. R. A. (N. S.), 99; *Bay* v. *Shrader,* 50 Miss., 326; *Cresco Union Sav. Bk.* v. *Terry & Terry,* 202 Iowa, 778; *Cambridge Sav. Bank* v. *Hyde,* 131 Mass., 77; *Theopold* v. *Deike,* 76 Minn., 121, 77 Am. St. Rep., 607, 78 N. W., 977; *Drexler* v. *Smith,* 30 Fed., 754. These cases proceed upon the theory that if when the note becomes due, or subsequently thereto, an extension is granted, the original contract is in nowise modified or changed. It is an alteration of the original contract that the act condemns.

Finally, it is said that the cases of *Atlantic Life Insurance Company* v. *Carter, supra,* and *Wright* v. *Bank of Chattanooga,* 166 Tenn., 1, 57 S. W. (2d), 800, are in conflict. This is an erroneous conclusion. In the first named case, the court was considering the relations of the parties under the Negotiable Instruments Act; while in the second, it was expressly held that the Negotiable Instruments Act was not involved, but that the rights

of the parties were to be determined upon equitable principles independent of that Act.

This cause was determined by the Chancellor prior to the decision in the Atlantic Life Insurance Company case, and he dismissed the bill.

For the reasons stated herein, the decree of the Chancellor will be reversed, and a decree entered in this Court in favor of complainant for the balance due on the note.