ARNOLD W. AUGUSTIN v. ALFRED A. ZIEMER AND ANOTHER.[1]

May 3, 1946.

No. 34,138.

Meighen, Knudson & Sturtz, for appellants.
Luther M. Bang and Plunkett & Plunkett, for respondent.

Magney, Justice.

Plaintiff brought an action for specific performance of an oral contract to convey land. The findings were in his favor, and defendants appeal from an order denying their motion for a new trial.

[1]Reported in 22 N. W. (2d) 925.

Defendant Alfred A. Ziemer was the owner of a certain tract of land in the city of Austin. The other defendant is his wife. Plaintiff claims that on or about July 1, 1939, he and defendant Alfred A. Ziemer entered into an oral contract under the terms of which said defendant agreed that plaintiff was to undertake the construction of a residence upon said tract of land and thereafter defendant was to convey the premises to plaintiff upon the payment by plaintiff of $500 per acre for the land and the actual cost of the improvements, with interest on the unpaid balances, said payments to be made in monthly installments. The improvements were made, but the defendants, upon demand, refused to convey. Defendants claim that the relationship between the parties was that of landlord and tenant and not that of vendor and vendee.

■ The record is voluminous. We have examined it carefully. No useful purpose will be served by a recital of the evidence in detail. It is sufficient to say that it is ample to support the court's finding of an oral contract for deed.

■ The question then arises as to whether there is evidence sufficient to support plaintiff's claim and the court's finding that there was such part performance on the part of plaintiff as to take the oral agreement out of the statute of frauds. As soon as the construction of the building had been completed plaintiff went into possession. He had worked on the premises during the period of construction and earned and was allowed a credit of $330 by the contractor on the contract price of the residence. This was to be allowed on the original down payment of $500 required before the execution of a written contract. Plaintiff paid $65 for work on a brooder house, $24 for work on the yard, driveway, and garage, exchanged labor with one Charles Kirchner for work in grading the yard, and put in 100 hours of labor in painting and shingling by way of exchange labor. The court also found that he made numerous other improvements at his own expense in labor, money, and material, including (a) a driveway; (b) an extensive lawn; (c) planting trees, shrubs, and flowers; (d) planting 200 berry plants and bushes; (e) keeping and maintaining the buildings in

good repair; (f) finishing and carpenter work inside the residence, particularly the upstairs and the bathroom; (g) painting and decorating; (h) eradicating weeds; (i) extra wiring; (j) installation of fruit cupboard and shelves in basement and making plumbing repairs and other improvements. The finding of the court that the oral contract for deed was followed by such part performance as to take it out from under the statute of frauds is amply supported by the evidence. We see no need for further recital of the evidence.

■ Defendants insist that the relationship between the parties is that of landlord and tenant. As has been stated, the oral agreement between the parties provided for payments to be made in monthly installments. Payments were made by plaintiff. Defendants claim that such payments were for rent and that 24 receipts for such payments, received in evidence, are so worded and of such effect that they require a reversal of the order appealed from. They were all substantially in the same form but differed in amounts. The following, which is a copy of one of them, is a fair sample of all of them:

"No. 25                                          Jan 1st, 1943
   "Received of Arnold C. W. Augustin Thirty-three . . .
   . . . dollars Rent of Jan. . . . No. . . . 1608
South River St. . . . Street From Jan. 1st to Feb. 1st,
1943
   "$33.00                                   A. A. Ziemer"

All the receipts were made out on printed forms. Defendants contend that "the contract provisions of the 24 rent receipts, usually for rent not yet accrued, signed by defendant and delivered to and produced by the plaintiff, cannot be contradicted or varied by parol evidence," and that it was prejudicial error for the trial court to overrule defendants' objection to the offered proof by parol to vary at least one of said 24 writings.

Plaintiff offered the receipts in evidence. He testified that when defendant Alfred A. Ziemer gave him the first receipt he called

his attention to the fact that the receipts were "marked rent" and did not show that payments were being made in purchase of the premises. Ziemer looked in his desk and said that he had no other receipt book. Plaintiff told him that the receipts should be marked in some way to indicate payments. Defendant then said that "it didn't make so much difference anyway." Plaintiff testified: "Well, he didn't have any other receipt to give me, so he said you make your payments, he says, the way we had agreed upon and everything will be all right. He said he will live up to his part of the agreement." Defendants made an objection to the questions which elicited these answers on the ground that it was an endeavor to vary the terms of a written instrument by parol evidence. The court overruled the objection.

The rule excluding parol evidence to vary or contradict a writing does not apply to a mere receipt. 20 Am. Jur., Evidence, § 1109. The parol evidence rule does not apply to receipts unless they are of a contractual nature. 2 Dunnell, Dig. § 3390. The receipts in question are mere receipts. They are not contractual. The evidence offered by plaintiff was therefore properly received.

In McCaffery v. Burkhardt, 97 Minn. 1, 105 N. W. 971, 114 A. S. R. 688, it was held that an indorsement of payment on a negotiable instrument is in the nature of a receipt, not of a contract, and that it may be contradicted or explained by parol. See, also, Sears v. Wempner, 27 Minn. 351, 7 N. W. 362; Theopold v. Deike, 76 Minn. 121, 78 N. W. 977, 77 A. S. R. 607. In the Sears case, the court said (27 Minn. 353, 7 N. W. 362): "This being so, the only question in the case is whether the evidence sustains the finding of fact by the court below." And in the Theopold case, Mr. Justice Mitchell said (76 Minn. 122, 78 N. W. 977):

"* * * A memorandum of a payment indorsed by the holder on the back of a promissory note is no part of the contract of the parties. The original note, which constituted the evidence of their contract, remains intact. The memorandum of payment is merely evidence against the holder of the fact of the payment, and is of no more effect than if made on a separate piece of paper. Cam-

bridge v. Hyde, 131 Mass. 77 [41 Am. R. 193]. Writing on the back of an instrument may be such as to form a part of the contract itself, and in such a case an alteration of the indorsement would constitute an alteration of the written evidence of the contract of the parties; but a memorandum of a partial payment indorsed by the holder on the back of a promissory note is not of this character. It is neither a contract nor any part of a contract, but a mere acknowledgment, in the nature of a receipt of payment, which is open to contradiction or explanation by parol. Sears v. Wempner, 27 Minn. 351, 7 N. W. 362." See, also, Cummings v. Baars, 36 Minn. 350, 31 N. W. 449.

In Taylor v. More, 195 Minn. 448, 451, 263 N. W. 537, 539, this court said:

"It is true that the ordinary receipt, which is nothing more than a written admission and not contractual in character, may be varied or supplemented by oral evidence; * * *."

Order affirmed.